**UNITED STATES of America, Appellant,**

v.

**Wilfredo REINA, Defendant–Appellee.**

**No. 1203, Docket 90–1007.**

United States Court of Appeals, Second Circuit.

Argued May 7, 1990.

Decided June 4, 1990.

---

Andrew J. Maloney, U.S. Atty., E.D. N.Y., New York City (Emily Berger, Michael Considine, Asst. U.S. Attys., of counsel), for appellant.

David A. Lewis, New York City (The Legal Aid Society, Federal Defender Services Appeals Unit, New York City), for defendant-appellee.

Before ALTIMARI, MAHONEY, Circuit Judges, and POLLACK, District Judge.[*]

MILTON POLLACK, Senior District Judge:

The United States appeals from a judgment departing downward from the specified range in the sentencing guidelines. The United States contends that this departure from the guidelines was an abuse of discretion. We agree and reverse and remand for sentencing consistent with the guidelines.

### I.

Wilfredo Reina twice sold narcotics to an undercover agent of the Drug Enforcement Administration. The third time he attempted to sell narcotics to the agent, on March 2, 1989, Reina was arrested for attempting to sell six ounces of cocaine base (commonly known as "crack"). On May 16, 1989, Reina pleaded guilty to an information charging him with possession with intent to distribute in excess of five grams of cocaine base.

Reina's presentence report calculated his total offense level, for the purposes of the sentencing guidelines, as 34. His base offense level was 34. United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c). Two points were added for obstruction of justice, U.S.S.G. § 3C1.1, since Reina attempted to destroy evidence as he fled the arresting agents. Two points were deducted for Reina's acceptance of responsibility. U.S.S.G. § 3E1.1(a). Reina's criminal history category was I. This resulted in a sentencing range of 151–188 months.

The Probation Department determined that an upward departure would be appropriate based on the unusually high purity of the cocaine (over 80 percent), pursuant to the commentary to Guideline 2D1.1.

Reina requested an opportunity to cooperate with the government and sentencing was adjourned. Reina provided the government with information on the individual who had sold Reina the drugs, but this supplier died before Reina's information was of any use. Reina also identified a drug dealing location to the government but refused to wear a wire into the location for fear of placing himself in jeopardy.

At the November 20, 1989 sentencing hearing, Reina once again offered assistance and a brief adjournment was taken. When the proffered assistance proved to be useless, the hearing resumed.

Because none of Reina's attempts at providing assistance to the government had proven fruitful, the government declined to make a motion for a downward departure from the sentencing guidelines.

The Court made a downward departure from the sentencing range and imposed a sentence of 72 months imprisonment, five years supervised release and a $50 assess-

* Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.

ment.[1]

In imposing this sentence, the Court stated that it found some aspects of the case "troublesome." In addition to invoking some of the general sentencing considerations set forth in 18 U.S.C. § 3553(a), the Court specifically referred to two areas of the sentencing guidelines that produce uneven penalties. The Court pointed to the penalties for cocaine base which are unduly harsh when compared to those for cocaine and further that it was inappropriate that only those most deeply involved in crime should be able to provide the level of assistance that would cause the government to make a motion for downward departure.

## II.

■ The guidelines adopted by Congress clearly do not permit downward departure in dealing with crack because of the strict penalties for cocaine base offenses.

We have previously stated that:

Congress's purpose in enacting enhanced penalties was to deter particularly insidious drug transactions, including those involving "a particularly addictive form of cocaine base known as 'crack.'"

*United States v. Pineda,* 847 F.2d 64, 65 (2d Cir.1988) (per curiam) (citing *United States v. Collado–Gomez,* 834 F.2d 280, 280–81 (2d Cir.1987) (per curiam) *cert. denied,* 485 U.S. 969, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988)); *see United States v. Cyrus,* 890 F.2d 1245, 1248 (D.C.Cir.1989) (crack penalties do not violate the Eighth Amendment); *United States v. Buckner,* 894 F.2d 975, 980, 981 (8th Cir.1990) (same; no substantive due process violation); *see also United States v. Ryan,* 866 F.2d 604, 609 (3d Cir.1989) (clear congressional expression).

Downward departure cannot be fashioned because penalties for cocaine base offenses are more severe than those involving cocaine.

## III.

The second ground for the downward departure in the Court below gives us more pause.

■ We agree with Judge Glasser that it is "troubl[ing]" that those minimally involved in criminal offenses often do not have the quantity or quality of information that would result in the government making a motion for downward departure pursuant to § 5K1.1 while those most deeply involved have the necessary information.

The guidelines have a laudable objective but, in specific instances, great injustices have become apparent. Individual instances may result in unduly harsh results, often in the case of young first offenders. While the guidelines may have removed some horizontal disparity in sentencing, they often leave a choice between "injustice [to the defendant] and infidelity [to the Guidelines]." Thomas W. Hillier, II, Testimony Before the House Judiciary Committee's Subcommittee on Criminal Justice, *reprinted in* 1990 Fed.Sent.Rptr. 224 (quoting testimony of Judge William L. Dwyer before the Federal Courts Study Committee).

Unfortunately, in this case our hands are tied. No motion was made by the government here, and the statute clearly states:

*Substantial Assistance to Authorities* (Policy Statement)

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

U.S.S.G. § 5K1.1.

In a case involving a similar question to the one presented here, this Court has flatly held that a district court judge does not have the discretion to depart from the statutory minimum sentence absent a motion from the government pursuant to 18 U.S.C. § 3553(e). *United States v. Huerta,* 878

---

**1.** The statutory minimum of five years (60 months) applies to cocaine base offenses of less than 50 grams. 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii). The sentence imposed was above that level.

F.2d 89 (2d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990).

The language of §§ 5K1.1 and 3553(e) are nearly identical. Most importantly, both start off with the words "Upon motion of the government ...". In *Huerta,* we stated that a governmental motion was "unambiguously" required before a downward departure was made. *Id.,* at 91. Similarly, the First Circuit has stated:

> The Guidelines, in a policy statement, do suggest that the court depart, and reduce a sentence, when the "defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense." Guideline § 5K1.1. The Guideline prefaces that statement, however, with the words "Upon motion of the government."

*United States v. Wright,* 873 F.2d 437, 442 (1st Cir.1989); *accord United States v. Ortez,* 902 F.2d 61 (D.C.Cir.1990).

It is clear that the language of the sentencing guidelines does not provide for downward departure where the government has not made a motion.

Nor can it be said that this is the type of case that the sentencing commission did not consider. *See* 18 U.S.C. § 3553(b) (providing for downward departure for mitigating circumstances "not adequately taken into consideration by the Sentencing Commission").

The very existence of § 5K1.1 demonstrates that the sentencing commission clearly considered the question of whether assistance to the government should be taken into account. *Accord United States v. Bruno,* 897 F.2d 691, 695 (3d Cir.1990); *United States v. Justice,* 877 F.2d 664, 666 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989).

The sentencing commission has also considered the question of whether the requirement of a government motion lodges too much discretion in the hands of the United States Attorneys. The language of § 5K1.1 was changed in November, 1989 so that a motion is to be made only if the defendant "has provided" substantial assistance. The earlier version of the statute said that a motion could be made if the defendant "ha[d] made a good faith effort to provide" substantial assistance. This change removes much of the discretion that had rested in the United States Attorneys' offices. *See also, Huerta,* 878 F.2d 89 (no constitutional violation in requiring government motion for departure below statutory minimum). *But see,* Thomas W. Hillier, II, Testimony Before the House Judiciary Committee's Subcommittee on Criminal Justice, *reprinted in* 1990 Fed.Sent. Rptr. 224, 227 ("the Guidelines have actually had the perverse effect of transferring discretion from the court to the prosecutor") (quoting Federal Courts Study Committee, *Tentative Recommendations for Public Comment* at 62 (Dec. 22, 1989)).

We are satisfied that this case does not present the rare case that involves circumstances which were not adequately taken into consideration by the sentencing commission.

### IV.

It is no criticism of Judge Glasser that he attempted to infuse equity into the resolution of the offense presented. However, the substantial reduction from the indicated penalty here is inexplicable on reference to the guidelines and consequently we are constrained to reverse and remand for sentencing consistent with the guidelines.

Reversed and Remanded.