**UNITED STATES of America, Appellee,**

**v.**

**Patrick AGU, Defendant–Appellant.**

**No. 101, Docket 91–1193.**

United States Court of Appeals, Second Circuit.

Argued Oct. 9, 1991.

Decided Nov. 14, 1991.

Abraham L. Clott, Legal Aid Society, New York City, for defendant-appellant.

Jodi Levine Avergun, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Linda B. Lakhdhir, Asst. U.S. Atty., on the brief), for appellee.

Before OAKES, Chief Judge, VAN GRAAFEILAND and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal in a sentencing guidelines case challenges the rule that a motion by the Government is a prerequisite for a downward departure on the ground of co-operation with law enforcement in the investigation or prosecution of other persons. Patrick Agu appeals from the February 1, 1991, judgment of the District Court for the Eastern District of New York (Edward R. Korman, Judge) convicting him, on his plea of guilty, of importing heroin into the United States, in violation of 21 U.S.C. § 952(a) (1988). Because the requirement of a Government motion is settled in this Circuit for cases such as appellant's and was not made in this case, we affirm.

## Facts

Agu was arrested upon his arrival at John F. Kennedy International Airport, attempting to smuggle 442 grams of heroin secreted in balloons in his alimentary canal. He furnished the arresting agents with the names of eight people allegedly involved in heroin smuggling and told them that the beeper number of the person to whom he was to have delivered the drugs was in his address book. This information was recounted by defense counsel at the plea proceeding. The prosecutor acknowledged that information had been given but added that the information had not been of "substantial assistance" and therefore would not warrant a motion for a downward departure from the applicable guideline sentencing range. *See* U.S.S.G. § 5K1.1.

At sentencing, defense counsel contended that information Agu had supplied had led to the arrest of Barikpoa Lenyie. The Government acknowledged that Lenyie was the same person identified as "Barry" on the list furnished by Agu but presented evidence that Lenyie had been arrested solely because he fit the so-called drug courier profile and not because of any prior intelligence. Judge Korman ruled that in the absence of a motion by the Government, he lacked authority to consider a downward departure based on cooperation with the prosecution. He also expressed doubt as to whether Agu had rendered any

"substantial" assistance. He sentenced Agu to a term of 46 months, the bottom of the applicable guideline range, plus three years' supervised release and a $50 assessment.

### Discussion

Section 5K1.1 provides:

Upon motion by the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

Were the issue open in this Circuit, there would be several lines of argument available to challenge the Government's insistence that no departure is possible for cooperation with the prosecution in the absence of a motion by the Government.

One argument, urged by appellant, rests on an implication from two statutory provisions. Section 1008 of the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, tit. I, 100 Stat. 3207–2, 3207–7, amended 28 U.S.C. § 994 to include a direction to the Sentencing Commission to

assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense

28 U.S.C. § 994(n) (1988). Section 1007(a) of the same Act, 100 Stat. at 3207–7, amends 18 U.S.C. § 3553 to provide:

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

18 U.S.C. § 3553(e) (1988).

Since the Commission was instructed to authorize cooperation departures below both guideline ranges and mandatory minimum sentences and since a Government motion was specified as a requirement only for sentences below mandatory minimum sentences, the statutes can be read to imply that Congress did not wish to require a Government motion for a cooperation departure below a guideline range. However, the Commission's requirement of such a Government motion does not contravene any express provision and is arguably within the Commission's general authority.

Another argument focuses on the "to a degree" component of 18 U.S.C. § 3553(b). That section directs the court to impose a sentence within the range specified in the applicable sentencing guideline "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines...." *Id.* With most aggravating or mitigating circumstances, it is possible that the circumstance, though given adequate consideration by the Commission as a general matter, is present in a particular case *to a degree* not adequately considered by the Commission. Indeed, Congress expressly amended section 3553(b) to add the phrase "to a degree," *see* Sentencing Act of 1987, Pub.L. No. 100–182, § 3(1), (2), 101 Stat. 1266, 1266, after the Sentencing Reform Act of 1984, as originally enacted, had permitted a departure only when the aggravating or mitigating circumstance itself had not received adequate consideration, *see* Pub.L. No. 98–473, ch. II, § 212(a)(2), 98 Stat. 1987, 1990.

Thus, it is arguable that even though the Commission has obviously given consideration to the circumstance of cooperation with the Government by issuing section 5K1.1, a case might arise where an unusual *degree* of cooperation was displayed, which had not been adequately considered and which would justify a departure under section 5K2.0. But this argument would encounter the response that the "to a degree" component of section 3553(b) offers no escape from procedural limitations like the "motion of the government" requirement of section 5K1.1. It is one thing to permit a departure where the Commission has as-

signed a value to some circumstance and in a particular case that circumstance is present to such a degree that the sentencing judge may fairly conclude that adequate consideration by the Commission was lacking. It is quite another thing to permit departures from procedural requirements, even where it could be said that a factor is present to a degree not adequately considered by the Commission.

Another line of argument, pressed here by appellant, is that section 5K1.1 applies only to circumstances in which the defendant and the prosecution have entered into a cooperation agreement, in which event the Government retains the prerogative, by virtue of the motion requirement, to be the exclusive judge of whether the defendant has abided by the cooperation agreement that was made. In the absence of such an agreement, appellant urges, the sentencing court, without regard to a motion by the Government, should be entitled to consider a departure upon being satisfied that the assistance *offered* by the defendant to the Government merits such relief. The obvious response is that the Commission would wish the Government to be the exclusive assesser of all assistance to the prosecution from the defendant, whether rendered or only tendered.

At oral argument, defense counsel elaborated this argument in slightly different terms, focusing on the "of a kind" component of the statutory departure provision, 18 U.S.C. § 3553(b). As we understand the contention, he suggests that the "mitigating circumstance" considered by the Commission and for which section 5K1.1 requires a Government motion is the conveying of helpful information to the prosecution, leaving as a circumstance of a distinct kind the moral worthiness demonstrated by the defendant in electing to furnish the Government with his information, regardless of its intrinsic worth. According to this argument, the Government motion requirement recognizes the prosecution's superior position to assess the law enforcement value of information regarding crime, but the sentencing judge, fully capable of assessing the defendant's contrition, remains free, unrestricted by a motion re-

quirement, to depart in order to reward a manifestation of moral improvement. This argument would allay the concerns some have expressed that if section 5K1.1 is the exclusive avenue for a departure based on cooperation, the departure will be limited to those most deeply involved in crime, those in a position to supply information deemed sufficiently valuable by the prosecution to warrant a cooperation motion. We have acknowledged the "troubl[ing]" concern that "those minimally involved in criminal offenses often do not have the quantity or quality of information that would result in the government making a motion for downward departure pursuant to § 5K1.1 while those most deeply involved have the necessary information." *See United States v. Reina*, 905 F.2d 638, 640 (2d Cir.1990).

*Reina* itself, however, stands as a rejection of the argument that cooperation can be separated into its benefit to the prosecution and its evidence of contrition, with a sentencing judge free to assess the latter in the absence of a Government motion. Moreover, we note that the Commission has given consideration to cooperation from the defendant's perspective by making "risk of injury to the defendant or his family resulting from his assistance" relevant to the extent of a section 5K1.1 departure. U.S.S.G. § 5K1.1(a)(4).

Perhaps the most persuasive challenge to the Government's position is the argument that section 5K1.1, being a policy statement but not a guideline, is not binding upon the sentencing judge. That argument was accepted by Judge Heaney, *see United States v. Gutierrez*, 908 F.2d 349, 353 (Heaney, J., dissenting), and may well have been the rationale for the Eighth Circuit's in banc reversal of the panel opinion in *Gutierrez* and the affirmance, by an equally divided court, of the sentencing judge's departure for cooperation in the absence of a Government motion, *see United States v. Gutierrez*, 917 F.2d 379 (8th Cir.1990) (in banc); *see also United States v. Bayles*, 923 F.2d 70, 71 (7th Cir.1991) (collecting cases indicating various views on the effect of a Commission's policy statement).

Whatever the merit of these arguments, we believe they are all foreclosed in this Circuit by our precedents, notably *Reina.* We first considered the topic of departures for cooperation in *United States v. Huerta,* 878 F.2d 89 (2d Cir.1989), *cert. denied,* 439 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990). We there upheld the constitutionality of the requirement of a Government motion in order to depart below a statutory minimum sentence. We also noted that, in the absence of a Government motion, a sentencing judge retained discretion to consider a defendant's cooperation in selecting a sentence *within* the applicable sentencing guideline range. *Id.* at 93. In *United States v. Soliman,* 889 F.2d 441 (2d Cir. 1989), we cited this aspect of the *Huerta* opinion, *id.* at 444, in the course of ruling that a decision not to depart because of cooperation was not reviewable, in the absence of a claimed violation of law. Since the decision not to depart in *Soliman* was not reviewable, we had no occasion to discuss the requirement of a Government motion as a condition of a section 5K1.1 departure.

In *United States v. Rexach,* 896 F.2d 710 (2d Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 433, 112 L.Ed.2d 417 (1990), we ruled that a prosecutor's decision not to move for a cooperation departure under section 5K1.1 was reviewable only for misconduct or bad faith, and we subsequently explicated the procedure for considering such a claim in *United States v. Khan,* 920 F.2d 1100, 1105–06 (2d Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1606, 113 L.Ed.2d 669 (2d Cir.1991).

In *Reina,* we squarely considered whether a Government motion was a prerequisite to a section 5K1.1 departure for cooperation with the prosecution and determined that it was. Though that position has divided the circuits, it is clearly the prevailing view. *Compare United States v. Bayles,* 923 F.2d 70, 71 (7th Cir.1991) (motion required); *United States v. Laguardia,* 902 F.2d 1010, 1013 (1st Cir.1990) (same); *United States v. Bruno,* 897 F.2d 691, 695 (3d Cir.1990) (same); *and United States v. Alamin,* 895 F.2d 1335, 1337 (11th Cir.1990) (same), *with United States*

*v. Gutierrez,* 917 F.2d 379 (8th Cir.1990) (in banc) (affirming, by equally divided court, departure without motion). In *Khan,* we added the important qualification that a Government motion was not required for a section 5K2.0 departure based on assistance to the prosecution, but significantly limited this exception to assistance to the Government other than the supplying of information relevant to the prosecution of other individuals, *e.g.,* assistance by the defendant that allegedly saved the life of a Government agent. *Khan,* 920 F.2d at 1106–07.

Finally, in *United States v. Garcia,* 926 F.2d 125 (2d Cir.1991), we ruled that the cooperation covered by section 5K1.1 is cooperation with the prosecution, leaving cooperation with the courts available as a ground for departure in the absence of a Government motion, presumably under section 5K2.0. Thus, in this Circuit a departure below a guideline range because of a defendant's cooperation with the Government with respect to the prosecution of others requires a motion by the Government, *Reina,* the refusal to make such a motion may be challenged only for misconduct or bad faith, *Rexach; Khan,* and cooperation with the Government in respects other than the prosecution of others or cooperation with the judicial system can, in appropriate circumstances, warrant a departure notwithstanding the absence of a Government motion, *Khan; Garcia.*

In view of the case law in this Circuit, no departure was available for Agu based on his alleged cooperation in the absence of a Government motion. His sole claim is that he supplied names and other information that could assist the Government in the prosecution of other persons. There is no claim that the Government acted in bad faith in declining to make a section 5K1.1 motion.

The judgment of the District Court is affirmed.