UNITED STATES of America,

v.

**Dirk STOFFBERG, Defendant.**

**No. CR 91–524.**

United States District Court,
E.D. New York.

Jan. 21, 1992.

Seth Marvin, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for plaintiff.

**18**

Thomas F.X. Dunn, New York City, for defendant.

## AMENDED MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

■ Defendant pled guilty to violation of munitions export laws. His sentencing guideline range is 8–14 months. Because he threatened violence during the course of his criminal activity, defendant would have been sentenced to 13 months, near the top of the guideline range, were it not for the intervention of Congress. He has already been in custody for 8½ months. The case poses the question: can a request for clemency by Congress support a downward departure in the guideline offense level? As indicated below, the answer is yes.

The Chief Counsel of the Committee on Foreign Affairs of the House of Representatives requests that the court consider defendant's cooperation with the Committee. The letter reads:

One Hundred Second Congress
Congress of the United States
Committee on Foreign Affairs
House of Representatives
Washington, D.C. 20515

January 10, 1992

Dear Judge Weinstein:

Mr. Dirk Francois Stoffberg has to date provided the House of Representatives Committee on Foreign Affairs with substantial assistance in an on-going investigation. It is expected that this assistance will continue into the future.

In addition, Mr. Stoffberg has offered to have his testimony preserved by deposition. He has also agreed to testify at any open or closed Congressional hearing if and when requested to do so. Our investigation pertains to the question whether the 52 Americans taken captive in Iran were held past the election of 1980 in violation of any U.S. laws. This issue is commonly referred to as the "October Surprise."

Although Mr. Stoffberg's cooperation may not lead to any criminal action, the information which he has voluntarily provided to us has already been helpful and, to some extent, has been corroborated by other evidence. I would, therefore, request that Mr. Stoffberg's cooperation be taken into consideration by you in the determination of his sentence.

I would be pleased to discuss the matter of Mr. Stoffberg's cooperation with you or your law clerk at any time before Mr. Stoffberg's sentencing.

Sincerely yours,
/s/ R. SPENCER OLIVER
Chief Counsel

■ It is the government's view that the court can impose a sentence of time served, within the guidelines, without considering whether a downward departure is permitted on request of a representative of Congress. Such an approach is generally appropriate. It is not, however, desirable to avoid the downward departure issue in this case; the matter may arise again and again without an opportunity for Congress to test the courts' authority to depart downward as a reward for a cooperating witness. *Cf. Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546–48, 96 S.Ct. 2791, 2797–98, 49 L.Ed.2d 683 (1976) (consideration not barred where the issue is likely to arise again and yet escape review); Evan Tsen Lee, *Deconstitutionalizing Justiciability: The Example of Mootness*, 105 Harv. L.Rev. 603, 634–35 (1991) (shift from constitutional to prudential standards on mootness, standing, and ripeness); 644–45, 648 (not an advisory opinion to decide a case on the merits over objection of mootness, ripeness, lack of standing, or that the opinion is not necessary for the disposition).

The proper relationship among the three branches of government, legislative, executive, and judicial, in the field of sentencing continues to be perplexing and important. *See, e.g., Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (composition of United States Sentencing Commission does not violate the separation of powers). One aspect of that relationship is now presented.

There are a variety of sequences possible in applying departure rules. One is to de-

termine what the sentence would be without a departure, *U.S. Sentencing Comm'n Guidelines Manual*, at 1 (Nov. 1991), then to consider whether a departure is desirable, then to decide the amount of the departure (in terms of time or offense level), and, finally, to apply the departure to arrive at the actual sentence. *See id.; cf. United States v. Kim*, 896 F.2d 678, 685 (2d Cir.1990) (upward departure); *United States v. Coe*, 891 F.2d 405, 412–13 & n. 9 (2d Cir.1989) (same). This explicit, step-by-step method is desirable in the instant case since the court is being asked by Congress to signal to the present defendant and to future defendants a capacity to treat a Congressional request as an application for an appropriate downward departure.

■ Section 5K1.1 of the guidelines does not permit a downward departure because, as the government properly argues, in the language of the section, the defendant has not "provided substantial assistance [to prosecutors] in the investigation or prosecution of another person who has committed an offense...." Moreover, in the absence of a request from the United States Attorney, a downward departure under section 5K1.1 is generally not available. *See, e.g., United States v. Agu*, 949 F.2d 63, 65 (2d Cir.1991); *United States v. Khan*, 920 F.2d 1100, 1106 (2d Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1606, 113 L.Ed.2d 669 (1991).

By contrast, section 5K2.0 of the guidelines permits departure on the court's own motion or on request from the defendant or any other person or body. As the Sentencing Commission points out in its policy statement on section 5K2.0, "[some c]ircumstances [which] may warrant departure from the guidelines ... cannot, by their very nature, be comprehensively listed and analyzed in advance." *Guidelines Manual*, Policy Statement to § 5K2.0, at 320.

The Court of Appeals for the Second Circuit has suggested that cooperation with a body other than the United States Attorney's Office might fall within section 5K2.0. In *United States v. Agu*, 949 F.2d 63 (2d Cir.1991), for example, Judge Newman pointed out that the requirement of a

prosecutor's motion for a section 5K1.1 departure was "settled" in this circuit, but he cited with approval *United States v. Khan*, 920 F.2d 1100, 1106–07 (2d Cir.1990). *See Agu*, at 67. *Khan* in dicta indicated that information offered "regarding actions [defendant] took, which could not be used by the government to prosecute other individuals" could be used for a downward departure. 920 F.2d at 1107 (defendant may have saved the life of a confidential DEA informant). *Agu* noted that "the cooperation covered by section 5K1.1 is cooperation with the prosecution, leaving cooperation with the courts available as a ground for departure in the absence of a government motion, presumably under section 5K2.0." *Agu*, at 67 (citing *United States v. Garcia*, 926 F.2d 125 (2d Cir.1991)). In *Garcia* the Second Circuit approved a downward departure based on the defendant's "activities facilitating the proper administration of justice" in the courts. *Id.* at 128; *cf. United States v. Sanchez*, 927 F.2d 1092, 1094 (9th Cir.1991) (based on defendant's assistance in a civil forfeiture proceeding, the district court properly denied downward departure under section 5K1.1 and exercised discretion not to depart under section 5K2.0).

If cooperation with the courts is covered by section 5K2.0, so, too, is cooperation with Congress. *Cf. United States v. Harrell*, 936 F.2d 568 (4th Cir.1991) (unpublished opinion available on WESTLAW) (Murnaghan, J., dissenting) ("I would remand to the district judge to permit him to reconsider [the effect of] Harrell's cooperation with congressional authorities [investigating fraud at HUD.]"). The courts have sentencing authority to reward cooperation of a defendant with an agency other than the prosecution when the United States Attorney has not requested a downward departure.

■ The Chief Counsel's letter of January 10, 1992 is, in effect, a request for a downward departure. Comity between independent branches of government suggests the desirability of assisting Congress in its important work where there is no strong conflict with a court's other sentenc-

ing responsibilities. Balancing Congressional needs and the judicial sentencing responsibilities in this case requires a downward departure in the exercise of the court's discretion.

In view of the importance of defendant's cooperation with Congress, a downward departure of three offense levels is appropriate. Absent such a departure, his offense level would be 11, with a guideline range of 8–14 months in prison. With the downward adjustment, his offense level is 8, providing a range of 2 to 8 months. Since he has served 8½ months, he is ordered released forthwith. The sentence is stayed for 7 days to permit the United States Attorney to appeal and to seek a further stay from the Court of Appeals.

SO ORDERED.