961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Thomas A. DeMONTE, Defendant-Appellee.
 No. 91-3775.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1992.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr., and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Following Defendant Thomas DeMonte's plea of guilty to one count of computer fraud under 18 U.S.C. Section 1030, the district court departed downward from the United States Sentencing Guidelines ("guidelines") on the basis that DeMonte's degree of cooperation with the government and his liquidation of all of his assets to make restitution warranted departure. The government appeals DeMonte's sentence. We reverse and remand for resentencing in accordance with this opinion.
 
 I.
 
 2
 DeMonte was employed as the supervisory accountant at the Fiscal Services Center ("FSC") of the Veterans' Affairs ("VA") Outpatient Clinic in Columbus, Ohio. One of his responsibilities as supervisory accountant was to ensure that bills submitted to the FSC were properly approved and processed through the VA Finance Center, which was located in Austin, Texas. In October of 1989, DeMonte rented a post office box in Powell, Ohio, in the name of Professional Services. Subsequently, between October of 1989 and November of 1990, through the use of more than fifty fictitious computer entries, DeMonte caused fraudulent payments totalling more than $46,000 to be paid by the VA to Professional Services.[1] Following a report by a VA employee of a suspected scheme to defraud the VA, the VA conducted an investigation. When DeMonte learned of the investigation, he retained counsel who, in turn, contacted the United States Attorney for the Southern District of Ohio.
 
 
 3
 On March 7, 1991, DeMonte was charged in a one-count information with computer fraud under 18 U.S.C. Section 1030. On March 29, 1991, pursuant to a plea agreement under Fed.R.Crim.P. 11(e), DeMonte agreed to plead guilty to one count of computer fraud, to make restitution to the United States, and to testify regarding the present offense and any other computer fraud with which he was involved or of which he had knowledge.[2] In return, the government agreed not to file additional charges against DeMonte or to use any self-incriminating information for purposes of determining DeMonte's sentence within the guideline range or for purposes of upward departure from the guideline range.
 
 
 4
 On May 24, 1991, at DeMonte's first sentencing hearing, the district court ordered DeMonte to liquidate his assets and make restitution from the proceeds. The court then ordered a continuance of the sentencing proceedings. On June 21, 1991, at the continued sentencing hearing, DeMonte informed the court that he had liquidated his assets and had made substantial, although not complete, restitution. In addition, DeMonte informed the court that he had no objections to the Presentence Report, and the government informed the court that it did not intend to make a motion for a downward departure under Section 5K1.1 of the guidelines. The court took the matter under advisement.
 
 
 5
 On July 17, 1991, at the final sentencing hearing, the court stated that, although DeMonte's offense level under the guidelines was 13, which resulted in a guidelines range of 12-18 months' imprisonment, the court intended to depart downward. The court gave as its reasons for departure DeMonte's "extraordinary and unusual level of cooperation, including the delivery to the government of extensive information regarding crimes with which [DeMonte] was not even charged ..." and his willingness to liquidate all his assets in order to make restitution. The court, in a judgment entered that same day, sentenced DeMonte to three years' probation, with no incarceration. On August 15, 1991, the United States filed a notice of appeal from this judgment.
 
 II.
 
 6
 Jurisdiction was proper in the district court under 18 U.S.C. Section 3231. This court has jurisdiction under 18 U.S.C. Section 3742. The appeal was timely under Fed.R.App.P. 4(a).
 
 
 7
 The one issue before us is whether the district court's downward departure from the guidelines, on the basis of DeMonte's cooperation with and restitution to the government, was proper. DeMonte makes only one argument on appeal: that the district court had the authority to sentence him to probation and that, unless and until DeMonte violates the terms of his probation, the sentence of probation is neither subject to the guidelines nor reviewable by this court.
 
 
 8
 The government makes three arguments. First, by cooperating with the government and making restitution, DeMonte was merely complying with the terms of his plea agreement. Second, DeMonte received a two-point reduction for acceptance of responsibility. Therefore, voluntary cooperation and restitution already have been taken into account under the guidelines and cannot serve as the basis for a departure. Finally, the government contends that, absent a motion by the government, it is impermissible for a court to make a downward departure for substantial assistance to the government pursuant to Section 5K1.1 of the guidelines.
 
 
 9
 DeMonte's sole contention, that his sentence of probation is presently unreviewable, is patently without merit. Under 18 U.S.C. Section 3742(b)(3), a downward departure form the guidelines, including a departure sentence of probation, is reviewable on appeal by the government. The government correctly states that, as this court repeatedly has held, a departure under 5K1.1 may only be made on government motion. See, e.g., United States v. Dumas, 934 F.2d 1387, 1389 (6th Cir.), cert. denied, 111 S.Ct. 2034 (1991); United States v. Davis, 919 F.2d 1181, 1187-88 (6th Cir.1991); United States v. Levy, 904 F.2d 1026, 1035 (6th Cir.1990), cert. denied, Black v. United States, 111 S.Ct. 974 (1991). Because the government declined to make such a motion here, this provision of the guidelines could not be the basis for the district court's departure. Additionally, because DeMonte did not provide "substantial assistance in the investigation or prosecution of another person ..." (U.S.S.G. § 5K1.1, emphasis added), Section 5K1.1 is inapplicable.
 
 
 10
 In exchange for his cooperation and his willingness to make restitution, DeMonte received both the benefits of the plea agreement and a two-point reduction for acceptance of responsibility.[3] At the July 17, 1991, hearing, at which DeMonte was sentenced, because the district court did not refer to either the plea agreement or the two-point reduction for acceptance of responsibility, it is unclear whether or to what extent the district court considered these two factors before departing downward.[4] A defendant who has cooperated with the government but does not meet the 5K1.1 departure criteria may qualify, under Section 5K2.0, for departure based on mitigating circumstances of a kind or to a degree not adequately considered by the Sentencing Commission. See, e.g., United States v. Agu, 949 F.2d 63, 67 (2d Cir.1991); United States v. Garcia, 926 F.2d 125, 127-28 (2d Cir.1991); United States v. Khan, 920 F.2d 1100, 1107 (2d Cir.1990). However, we emphasize that any departure based on cooperation with the government but not meeting the requirements of Section 5K1.1 (e.g., no motion by the government), in order to qualify under Section 5K2.0, independently must meet the requirements of Section 5K2.0. See, e.g., Brewer, 899 F.2d at 506 (setting forth three-part test for evaluating the propriety of downward departures under Section 5K2.0).
 
 
 11
 This case, therefore, must be remanded to the district court for resentencing. On remand, the district court either should resentence DeMonte within the applicable guideline range or clearly articulate the basis for any departure and for the reasonableness of the degree of departure. Brewer, 899 F.2d at 506.
 
 III.
 
 12
 This matter is reversed and remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 During the fraud investigation, Demonte informed the government of an earlier scheme, lasting from 1986 to 1988, by which he had defrauded the VA of approximately $30,000. This information, of which the government had no independent knowledge, apparently was not used against DeMonte because of the plea agreement
 
 
 [2]
 DeMonte did not implicate any other individuals in unlawful conduct
 
 
 [3]
 The Application Notes to Section 3E1.1, entitled "Acceptance of Responsibility," instruct a court to consider, among other factors, voluntary restitution (Application Note 1(a)) and "voluntary and truthful admission to authorities of involvement in the offense and related conduct" (Application Note 1(c)). this court has held that, because restitution is a factor for consideration under Section 3E1.1, unless it also constitutes an "exceptional circumstance," departure based thereon is not warranted. See United States v. Brewer, 899 F.2d 503, 509 (6th Cir.), cert. denied, 111 S.Ct. 127 (1990)
 
 
 [4]
 The Judgment indicates that the district court did not base departure on Section 5K1.1