99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Jairo RIOS-OSORIO, also known as Pedro, Defendant-Appellant,
Uriel RIOS-OSORIO, also known as Mario; Lida Hoyos; Jaime
Rodriguez; Olga Ossa and Luis Lopez, Defendants.
 No. 95-1351.
 United States Court of Appeals, Second Circuit.
 Dec. 27, 1995.
 
 Appearing for Appellant: Bernard H. Udell, Brooklyn, NY.
 Appearing for Appellee: Timothy Macht, Assistant United States Attorney, E.D.N.Y.Brooklyn, NY.
 E.D.N.Y.
 AFFIRMED.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 Present: WINTER, WALKER, JR., CABRANES, Circuit Judges.
 
 
 1
 Jairo Rios-Osorio appeals from a sentence of 41 months in prison, three years supervised release, and a $50 special assessment. Judge Nickerson imposed this sentence on May 19, 1995 after RiosOsorio pleaded guilty to laundering money in violation of 18 U.S.C. § 1956(a)(1)(B). Rios-Osorio contends that Judge Nickerson mistakenly concluded that he could not depart downward under U.S.S.G. § 5K2.0 based on Rios-Osorio's cooperation with the government where the government declined to move for departure under § 5K1.1. We affirm.
 
 
 2
 On February 10, 1994 Rios-Osorio, his brother, and four others were arrested for laundering the proceeds of narcotics trafficking, in violation of 18 U.S.C. § 1956(a)(1)(B). All six co-defendants were indicted on March 2, 1994 and by the end of October, all except appellant had reached plea agreements with the government. On November 25, 1994 Rios-Osorio pleaded guilty, the last of the defendants to do so. The government did not enter into a cooperation agreement with Rios-Osorio.
 
 
 3
 Several months after his guilty plea, but prior to sentencing, Rios-Osorio met with government attorneys and offered the assistance of his girlfriend, Adeliela Gutierrez, in identifying various narcotics dealers. No cooperation agreement was executed, but government attorneys indicated they might file a § 5K1.1 motion for a downward departure on Rios-Osorio's behalf if Ms. Gutierrez's assistance bore fruit. Although Ms. Gutierrez introduced undercover agents to individuals who purported to sell narcotics, no deal was ever consummated, and no arrests were made. Ms. Gutierrez subsequently left the country.
 
 
 4
 Because Ms. Gutierrez's assistance failed to yield any arrests, the government declined to file a § 5K1.1 motion on Rios-Osorio's behalf. Nevertheless, Rios-Osorio urged the district court to consider his cooperation with the government as a mitigating factor that would allow him to receive a downward departure under § 5K2.0. The district court denied the request on the ground that it did not have the legal authority to depart on this basis. On appeal, RiosOsorio challenges neither the government's refusal to file a § 5K1.1 motion nor the district court's failure to depart under § 5K1.1 in the absence of such a motion. Instead, he argues that the district court had the authority to depart downward under § 5K2.0 because he sought to assist the government in locating narcotics dealers.
 
 
 5
 Where, as here, a sentencing court's decision not to grant a downward departure is based on its conclusion that it lacked the legal authority to do so, we may review it. See United States v. Piervinanzi, 23 F.3d 670, 685 (2d Cir.), cert. denied, 115 S.Ct. 259 (1994). United States v. Ritchey, 949 F.2d 61, 63 (2d Cir.1991) (per curiam).
 
 
 6
 Section 5K1.1 provides for a downward departure "upon motion of the government" where a defendant has provided substantial assistance in the investigation or prosecution of other criminal conduct. Section 5K2.0 provides for departures where there exist aggravating or mitigating circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." We have previously held that the very existence of § 5K1.1 indicates that the Sentencing Commission considered the circumstance in which a defendant cooperates with the government. United States v. Reina, 905 F.2d 638, 641 (2d Cir.1990). Therefore, unless a defendant's efforts assist the federal judicial system as a whole or encompass a mitigating circumstance beyond the scope of § 5K1.1, cooperation cannot serve as a basis for departure under § 5K2.0. United States v. Khan, 920 F.2d 1100, 1107 (2d Cir.1990)(where defendant saves the life of a confidential informant in the course of cooperating with the government, sentencing court can depart downward under § 5K2.0 even if defendant's cooperation does not aid government in prosecution of others), cert. denied, 499 U.S. 969 (1991); United States v. Garcia, 926 F.2d 125, 128 (2d Cir.1991) (sentencing court may downwardly depart in absence of § 5K1.1 motion where defendant's assistance benefits not only the prosecution but also the federal judicial system by inducing guilty pleas of his co-defendants and breaking "log-jam" in multi-defendant case).
 
 
 7
 Here, Ms. Gutierrez provided information to federal authorities about potential drug dealers, thereby assisting the investigative part of the judicial system. This type of cooperation falls squarely within the scope of § 5K1.1, and nothing Rios-Osorio or Gutierrez did involves mitigating circumstances not contemplated by this section. Thus, because the government determined that Rios-Osorio's cooperation was not sufficient to warrant a § 5K1.1 letter, his efforts to assist the government by supplying information relevant to the prosecution of other individuals cannot serve as a basis for departure under § 5K2.0. See United States v. Gonzalez, 970 F.2d 1095, 1102-03 (2d Cir.1992); United States v. Agu, 949 F.2d 63, 67 (2d Cir.1991), cert. denied, 504 U.S. 942 (1992).
 
 
 8
 We therefore affirm.