104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Jerry D. CAIN, Defendant-Appellant.
 No. 96-1275.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 
 FOR APPELLANT: Elena C. Vaida, Albany, NY.
 FOR APPELLEE: Barbara D. Cottrell, Assistant United States Attorney, Northern District of New York, Albany, NY.
 Before OAKES, McLAUGHLIN and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 In July, 1995, Jerry Cain was indicted on one count of conspiracy to possess with intent to distribute and to distribute marijuana. Cain was debriefed by law enforcement officials in December, 1995, and entered a written plea agreement. Cain's counsel was initially present at the debriefing session, but left when she felt that "everything was going well."
 
 
 4
 The plea agreement specifically provided that the government would make a motion for a downward departure under U.S.S.G. § 5K1.1 on behalf of Cain if, in the government's estimation, Cain provided "substantial assistance." Ultimately, the government decided not to make a motion under § 5K1.1. Cain's attorney objected, arguing that it was her understanding that the authorities had received useful and incriminating information from Cain during the debriefing session.
 
 
 5
 At the sentencing hearing (Scullin, Judge ) (N.D.N.Y.), Cain argued that: (1) the district court, in its discretion, should grant a downward departure under U.S.S.G. § 5K2.0 because Cain's extraordinary efforts at drug rehabilitation presented a mitigating circumstance warranting departure; (2) the district court should hold a hearing to determine whether bad faith motivated the government's refusal to make a § 5K1.1 motion; and (3) even in the absence of a government § 5K1.1 motion for substantial assistance, the court should grant Cain a downward departure for assistance under § 5K2.0. The district court denied all three requests, and sentenced Cain to five months' imprisonment, five months of home confinement, and two years of supervised release.
 
 
 6
 On appeal, Cain argues that: (1) the district court erred by not holding an evidentiary hearing to determine whether the government's refusal to move the court for a downward departure under U.S.S.G. § 5K1.1 for substantial assistance was in bad faith; and (2) the district court failed to grasp its authority under U.S.S.G. § 5K2.0 to grant Cain a discretionary downward departure for his assistance, warranting a reversal and remand for resentencing.
 
 
 7
 1. Evidentiary Hearing. Cain argues that, given his allegations of bad faith on the part of the government in refusing to move for a downward departure for his substantial assistance, the district court should have ordered an evidentiary hearing.
 
 
 8
 It is within the discretion of a prosecutor to determine if a defendant has provided substantial assistance warranting a government motion for downward departure under U.S.S.G. § 5K1.1. United States v. Rexach, 896 F.2d 710, 713-14 (2d Cir.1990). The government's decision "not to move for a cooperation departure under section 5K1.1 [is] reviewable only for misconduct or bad faith." United States v. Agu, 949 F.2d 63, 67 (2d Cir.1991). The defendant must first allege that he believes the government is acting in bad faith; the prosecutor then states his reasons for not granting a departure; and then the defendant must make a showing of bad faith sufficient to trigger a hearing on the issue. United States v. Khan, 920 F.2d 1100, 1106 (2d Cir.1990). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Wade v. United States, 504 U.S. 181, 186 (1992).
 
 
 9
 Here, Cain's attorney explicitly stated that she "[did] not believe that the government has intentionally acted in bad faith," but that her client was the victim of a mixup in the U.S. Attorney's office, when the lead prosecutor in the case was changed. The new prosecutor responded that she reviewed Cain's case, and found no basis for a cooperation departure. Changing her tune, Cain's attorney responded only with unsupported allegations of bad faith. Indeed, Cain's attorney cannot make any allegation other than unsubstantiated claims of wrongdoing because "[she] left the debriefing session once it was determined that [Cain] was being helpful, [and thus, could not] attest to the extent of his cooperation." Given the vague allegations of misconduct, and the equivocal nature of his attorney's response, Cain has not made a showing that the district court abused its discretion in not ordering a hearing.
 
 
 10
 2. Cain's Motion for Downward Departure under § 5K2.0. Cain moved the court for a downward departure based on two grounds. The first was based on his efforts to gain rehabilitation. The court denied this request for a downward departure, and Cain does not appeal this denial. Cain argues instead that the Court failed to realize that it had the discretionary authority under U.S.S.G. § 5K2.0 to grant Cain a downward departure for providing assistance to the court system.
 
 
 11
 Specifically, Cain argues that when his attorney moved the court for a downward departure, she stated:
 
 
 12
 MS. VAIDA: ... the cases have mentioned that it is possible ... that if the individual provided substantial assistance to the Court, as opposed to the government, and there were a couple of cases on that. I don't know if the court is familiar with them or not. It is the U.S. versus Garcia, and the Agnew [sic] case where they talk about by pleading guilty and cooperating maybe it won't rise to the level of substantial assistance to warrant a motion by the Government, but a motion under 5K2 for mitigating circumstances, again, not taken into consideration by the Sentencing Commission in that the person's cooperation and plea helped to unclog the courts, that there is a--
 
 
 13
 THE COURT: I am familiar with the case. I am denying your motion with respect to 5K1.
 
 
 14
 Cain argues that it is clear from this colloquy that the judge failed to appreciate his ability to grant a downward departure for assistance to the judicial system on § 5K2.0 grounds, instead concentrating on a downward departure for government assistance under § 5K1.1.
 
 
 15
 In United States v. Brown, we noted that a sentencing judge has discretion to depart from the Guidelines in three situations: (1) when the prosecution makes a motion for a downward departure due to the defendant's substantial assistance, U.S.S.G. § 5K1.1; (2) where the Guidelines expressly authorize departure; and (3) when there is an " 'aggravating or mitigating circumstance' that the Commission did 'not adequately take into consideration ... in formulating' the Guidelines." United States v. Brown, No. 96-1174, 1996 WL 593810, at * 3 (2d Cir. Oct. 16, 1996). Sentencing Guideline § 5K2.0 labels cases with such mitigating circumstances as those outside the "heartland" of "ordinary" cases. The decision of a district court not to grant a downward departure is generally not appealable unless the court mistakenly concludes that it lacked the authority to downwardly depart. United States v. Ritchey, 949 F.2d 61, 63 (2d Cir.1991) (per curiam). There is a strong presumption that a sentencing judge is aware of "the assertedly relevant grounds for departure," and this presumption is overcome only "in the rare situation where the record provides a reviewing court with clear evidence that the judge misapprehended the scope of his departure authority." Brown, 1996 WL 593810, at * 4.
 
 
 16
 "Generally, § 5K2.0 has no application at sentencing where the basis for the defendant's motion has been considered and rejected by the government as a basis for a § 5K1.1 downward departure motion.... The only exception to this rule is where the defendant offers information regarding actions he took, which could not be used to prosecute other individuals (rendering § 5K1.1 inapplicable), but which could be construed as a 'mitigating circumstance' for the purposes of § 5K2.0." Khan, 920 F.2d at 1107. A defendant's assistance aimed simply at aiding the government's investigation and prosecution of others is not proper grounds for departure under § 5K2.0, but rather is encompassed under § 5K1.1. See id. However, "cooperation with the Government in respects other than the prosecution of others or cooperation with the judicial system can, in appropriate circumstances, warrant a departure notwithstanding the absence of a government motion." Agu, 949 F.2d at 67; see also United States v. Garcia, 926 F.2d 125 (2d Cir.1991).
 
 
 17
 Cain has not pointed to clear evidence that the district judge misapprehended the scope of his authority to depart. There is no indication that: (1) Cain provided information to the government with a purpose other than to aid in the prosecution of coconspirators; or (2) the information he provided aided in the administration of justice. The purported reason for his cooperation was, and remains, the investigation of other drug dealers. The district court recognized Cain's attempt to recharacterize a departure under § 5K1.1 as fitting within the § 5K2.0 mold. The district court specifically stated that it understood the theory behind such a motion for assistance by recognizing the Garcia and Agu cases, but denied the motion under § 5K1, recognizing that any assistance from Cain was for the government's benefit--not the courts. There is no indication that the district court failed to recognize its power to grant a downward departure under § 5K2.0.
 
 
 18
 We have considered all of the arguments raised by Cain, and find them to be without merit.
 
 
 19
 Accordingly, the decision of the district court is AFFIRMED.