107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Richard H. STERN, Defendant-Appellant.
 No. 96-1502.
 United States Court of Appeals, Second Circuit.
 Feb. 21, 1997.
 
 APPEARING FOR APPELLANT: Lloyd J. Nadel, Mineola, N.Y.
 APPEARING FOR APPELLEE: Edgardo Ramos, Asst. U.S. Atty., Brooklyn, N.Y.
 Present: NEWMAN, Chief Judge. KEARSE, FRIEDMAN,* Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Richard H. Stern appeals from the July 22, 1996, judgment of the District Court sentencing him to 76 months' imprisonment following his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a), and credit card fraud, in violation of 18 U.S.C. § 1029(a)(2). Stern contends that the District Court erred in refusing to depart downwardly despite the fact that he provided information to the Government that he claims saved lives and prevented future crimes. Alternatively, he argues that the District Court abused its discretion by refusing to order an evidentiary hearing to determine the actual effect of the information he provided to the Government.
 
 
 4
 1. It is "settled law in this circuit that a defendant generally may not appeal from a district court's decision not to depart downwardly from the applicable Guidelines range because the decision is 'inherently discretionary' and because 'Congress did not intend to provide appellate review of sentences that are within the Guidelines correctly applied and are not illegal.' " United States v. Sharpsteen, 913 F.2d 59, 62 (2d Cir.1990) (citations omitted); see United States v. Brown, 98 F.3d 690, 692 (2d Cir.1996). Stern's claim that the District Judge should have made a downward departure due to his submission of potentially life-saving and otherwise beneficial information to the Government falls squarely within this rule. Nor is there an allegation of circumstances to suggest that the Government's withholding of a 5K1.1 letter was in bad faith, which might warrant a departure; the parties merely disagreed on the worth of Stern's information. Although this Circuit has authorized sentencing courts to rely upon U.S.S.G. § 5K2.0 to depart downwardly based on such considerations, see United States v. Agu, 949 F.2d 63, 67 (2d Cir.1991); United States v. Khan, 920 F.2d 1100, 1107 (2d Cir.1990), the District Court's refusal to exercise its discretion in Stern's favor is unreviewable.
 
 
 5
 2. Alternatively, Stern contends that the District Court should have ordered an evidentiary hearing to determine whether the information he provided to the Government resulted in the saving of any lives or the prevention of any crimes before the Court decided to refuse to exercise its authority under section 5K2.0. We review the District Court's decision for abuse of discretion. United States v. Brinkworth, 68 F.3d 633, 640 (2d Cir.1995); see U.S.S.G. § 6A1.3.
 
 
 6
 The Court did not err in refusing to order an evidentiary hearing. There was simply no evidence in the possession of either the Government or Stern that could have been produced at an evidentiary hearing that would have determined the value or worth of Stern's information. As Government agents stated in their affidavits, to the best of their knowledge, "no investigations have been commenced, individuals arrested or otherwise prosecuted, or warrants requested as a result of any of the information provided by Stern." More importantly, Stern himself concedes that he can present no evidence to demonstrate the worth of his information. As his attorney acknowledged at the sentencing hearing, for instance, "I'm not in a position to determine whether a confidential informant's life was saved as a result of the information."
 
 
 7
 Stern's request for a hearing is really a request to the Court to compel the Government to conduct collateral investigations to determine what, if any, effect Stern's information had before the Court made its decision concerning a possible section 5K2.0 departure. As the District Judge pointed out, however, the Government and the courts would be unduly burdened if a defendant's decision to send unsolicited information about alleged criminal activity to the Government automatically triggers an obligation upon the Government to conduct an investigation--and an obligation upon the Court to hold an evidentiary hearing--to determine whether the information saved lives or prevented future crimes and thus potentially warranted a downward departure in his sentence. The District Court did not abuse its discretion in declining Stern's request. See United States v. Prescott, 920 F.2d 139, 144 (2d Cir.1990). Moreover, as the Supreme Court stated in a related context, "a defendant has no right to discovery or an evidentiary hearing unless he makes a substantial threshold showing." Wade v. United States, 504 U.S. 181, 186 (1992) (quotations omitted). Stern has not made such a showing. He was not entitled to a "full-blown evidentiary hearing," Prescott, 920 F.2d at 143, and the District Court, which had before it the written submissions of the parties and which heard the arguments of Stern and his counsel, provided the defendant with more than an "adequate opportunity to present relevant information" at the sentencing hearing. U.S.S.G. § 6A1.3 comment.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation