UNITED STATES

v.

**Hitham ABUHOURAN a/k/a Steve Houran.**

**Criminal No. 95–560–01.**

United States District Court, E.D. Pennsylvania.

Aug. 15, 1997.

As Amended Aug. 22, 1997.

Glenn A. Zeitz, Philadelphia, PA, Peter F. Vaira, Vaira, Backstrom, Riley & Smith, Philadelphia, PA, Alan J. Chaset, Alexandria, VA, for Hitham Abuhouran.

Robert A. Zauzmer, U.S. Atty. Office, Philadelphia, PA, for U.S.

*MEMORANDUM*

LOUIS H. POLLAK, District Judge.

Before this court are (1) defendant Steve Houran's Motion for Downward Departure Based on Substantial Assistance Provided to the Government Pursuant to 5K2.0 of the Federal Sentencing Guidelines, and the government's response thereto, and (2) the government's Motion to Quash Subpoenas (which is addressed to subpoenas issued by the defendant to four federal agents), and defendant's response thereto.

## I.

■ Steve Houran's Motion for Downward Departure asks that when Houran is sentenced [1] this court depart downward from the applicable guideline range on the basis of Houran's substantial assistance to the government. The motion recites that Houran "provided substantial information to various branches of the United States Department of Justice, including the Federal Bureau of Investigation and the Secret Service." [2] Houran asserts that a departure on the basis of such assistance is authorized by U.S.S.G. § 5K2.0, which provides in relevant part that "the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described'" (quoting 18 U.S.C. § 3553(b)).

The government has declined to file a motion under U.S.S.G. § 5K1.1, which provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Earlier this year, Houran filed a motion seeking to compel the government to file a motion authorizing a departure under § 5K1.1. On May 28, 1997, this court denied Houran's motion to compel.

The Third Circuit has addressed the question whether a court may depart pursuant to § 5K2.0 based on substantial assistance to the government in situations in which the government has declined to file a motion under § 5K1.1. In *United States v. Higgins,* 967 F.2d 841, 845 (3d Cir.1992), the court of appeals stated that, pursuant to *Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the district court lacked the power to depart under § 5K1.1 in the absence of a motion by the government. The court went on to state that "[t]o the extent that Higgins's substantial assistance is alleged to be a mitigating factor under Sentencing Guidelines 5K2.0, we reject that contention for the reasons set forth" in the court's discussion of.§ 5K1.1. *Id.* Thus, Houran's contention that substantial assistance to the government may form the basis for a § 5K2.0 departure cannot be maintained in this circuit.[3] Houran's motion for a downward departure pursuant to § 5K2.0 will therefore be denied.

## II.

■ The subpoenas that the government's motion seeks to quash are directed at four agents of the Federal Bureau of Investigation who allegedly may provide the court with information regarding Steve Houran's cooperation. In a document labeled "Exhibit 5" to Houran's "demand for oral testimony and information other than testimony," Houran states:

> At sentencing, the Court is entitled to hear of and consider Houran's substantial assistance and cooperation as a general matter relevant to standard sentencing considerations. The Court is also required to consider whether or not Houran's coop-

---

**1.** Houran's sentencing hearing is scheduled for this coming Tuesday, August 19.

**2.** It is my understanding that the Secret Service is an arm of the Department of the Treasury. *See* 18 U.S.C. § 3056(a).

**3.** The cases Houran cites in support of his argument that the court may depart pursuant to § 5K2.0 on the basis of substantial assistance to the government involve substantial assistance to branches of government other than the executive branch. Thus, in *United States v. Garcia,* 926 F.2d 125, 128 (2d Cir.1991), the Second Circuit approved a departure based on assistance to the judicial system, and in *United States v. Stoffberg,* 782 F.Supp. 17, 19 (E.D.N.Y.1992), Judge Wein-

stein held that courts may depart pursuant to § 5K2.0 based on a defendant's cooperation with a congressional committee. *See also United States v. Agu,* 949 F.2d 63, 67 (2d Cir.1991); *United States v. Khan,* 920 F.2d 1100, 1107 (2d Cir.1990). Because Houran's assistance was provided to the executive branch in furtherance of its law enforcement responsibilities, I need not determine whether, in this circuit, *Higgins* forecloses a departure under § 5K2.0 for assistance to other branches of government. *Compare United States v. Dorsey,* 61 F.3d 260, 262 (4th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 732, 133 L.Ed.2d 682 (1996); *United States v. Shrewsberry,* 980 F.2d 1296, 1298 (9th Cir.1992).

eration merits a downward departure pursuant to Section 5K2.0 of the Federal Sentencing Guidelines.

As discussed above, the § 5K2.0 motion must be denied without regard to the degree of cooperation that Houran provided. Therefore, the only purpose for the agents' testimony and information is to provide the court with "general matter relevant to standard sentencing considerations."

Federal Rule of Criminal Procedure 17(c) provides that "[t]he court on motion made promptly may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." The government contends that compliance with Houran's subpoenas would be unreasonable because the subpoenas are unnecessary and improperly seek privileged information. I agree that the subpoenas are unnecessary. To the extent Houran seeks testimony regarding his own cooperation with the government, he may testify to this information himself. Indeed, a comparison of the summaries of Houran's cooperation provided by the defendant (in a submission previously filed with the court) and by the government (attached to its motion to quash) reveals substantial agreement regarding what Houran told the government agents. In such a case, requiring government agents to testify and to produce the reams of information requested in the subpoenas would be unreasonable and oppressive.

Accordingly, the motion to quash the subpoenas will be granted.