**UNITED STATES of America,**
**Appellant,**

v.

**Oscar David GARCIA,**
**Defendant–Appellee.**

**No. 290, Docket 90–1274.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 7, 1990.

Decided Feb. 8, 1991.

Theodore B. Heinrich, Asst. U.S. Atty., Bridgeport, Conn. (Stanley A. Twardy, Jr., U.S. Atty., D. Connecticut, New Haven, Conn., of counsel), for appellant.

James J. Ruane, Bridgeport, Conn. (Meehan & Meehan, Bridgeport, Conn., of counsel), for defendant-appellee.

Before LUMBARD, KEARSE and McLAUGHLIN, Circuit Judges.

LUMBARD, Circuit Judge:

The government appeals from the sentence imposed on defendant Oscar Garcia in the March 23, 1990 judgment of the District Court for the District of Connecticut, T.F. Gilroy Daly, Judge. Garcia had pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (1988). Although under guidelines applicable to Garcia under the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.* (1988), Garcia was subject to 51–63 months' imprisonment, Judge Daly departed downward and imposed a sentence of 36 months' imprisonment, a three year term of supervised release, and a $50 special assessment.

The government raises a single issue in its appeal: whether the mitigating circumstances identified by the district court as grounds for a downward departure were "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described" therein. 18 U.S.C. § 3553(b). We agree with the district court that the mitigating circumstances in Garcia's case were not adequately considered by the Sentencing Commission and conclude that the downward departure by the district court was proper.

On October 31, 1989, Garcia, together with John Jairo Palacio and Victor Monsalve, sold approximately one kilogram of cocaine to an undercover agent of the New York Drug Enforcement Task Force. They were arrested immediately. On November 15, a grand jury returned a two-count indictment against all three defendants, charging them with distributing in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (1988), and with conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1988). All three pleaded not guilty.

On January 5, 1990, Garcia entered into an agreement with the government, under which he would provide information regarding his drug-related activities to the Drug Enforcement Administration. On the same day, in the course of being debriefed by a DEA agent, Garcia admitted his part in the cocaine sale, and disclosed other facts leading to his arrest. Garcia also expressed his willingness to testify at trial, if necessary.

On January 24, Garcia pleaded guilty to conspiracy to distribute cocaine. In return for Garcia's plea, the government agreed to dismissal of the other count, which charged Garcia with distributing in excess of 500 grams of cocaine.

On February 2, co-defendant Monsalve changed his plea to guilty. Garcia was again debriefed on February 21; he disclosed additional information relating to his drug activity. After this second interview, on March 5, co-defendant Palacio changed his plea to guilty.

Following Garcia's plea, the Probation Officer prepared a Presentence Investigation Report, pursuant to Federal Rule of Criminal Procedure 32(c) and 18 U.S.C. § 3552(a). The report calculated Garcia's Sentencing Guidelines range to be 51–63 months' imprisonment; this range incorporated a two-level reduction for Garcia's acceptance of responsibility, which the government had recommended. *See* United States Sentencing Commission, *Guidelines Manual*, §§ 2D1.4, 2D1.1, 3E1.1 (Nov. 1989) ("U.S.S.G." or "Sentencing Guidelines").

At Garcia's sentencing hearing, Judge Daly stated that he would depart downward from the sentencing range set forth in the Sentencing Guidelines for reasons that had not been considered by the Sen-

tencing Commission. He explained his decision:

I don't think the guidelines speak to that kind of cooperation which relates to the defendant who breaks the log jam in a multi-defendant case that's pending in the seriously overclogged dockets of the District Courts of the United States.

Judge Daly thereafter described the cooperation in a multi-defendant case as

constituted by a relatively early plea of guilty and a willingness to testify, or at least the public perception of the willingness to testify and what that does with other defendants or can do and, in this case, did in my judgment do.

The judge summarized Garcia's conduct as "activities facilitating the proper administration of justice in the District Courts of the District of Connecticut." He then sentenced Garcia to 36 months' imprisonment, rather than the 51–63 month range specified by the Sentencing Guidelines.

The district court may impose a sentence that departs from the Sentencing Guidelines only when:

there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.

18 U.S.C. § 3553(b). We review the record *de novo* to determine whether the district court's finding that a mitigating circumstance is "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." *See United States v. Lara,* 905 F.2d 599, 602 (2d Cir.1990).

The government argues that the factors on which the district court relied could not

be the basis of a downward departure because they were adequately considered by the Sentencing Commission.[1] The government first contends that the factors were incorporated into U.S.S.G. § 5K1.1, which authorizes departures from the Sentencing Guidelines when a defendant has provided substantial assistance to authorities. The relevant Sentencing Guidelines provision, U.S.S.G. § 5K1.1, states:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of a defendant's assistance.

*See also* 18 U.S.C. § 3553(e).

■ At issue is whether the "substantial assistance to authorities," as it is described in § 5K1.1, applies to Garcia's "activities facilitating the proper administration of justice in the District Courts" and, therefore, prohibits a downward departure unless the government so moves.

We agree with Garcia that § 5K1.1 does not preclude a downward departure in this case. As written, § 5K1.1 focuses on assistance that a defendant provides to the

---

[1]. The government argues, in the alternative, that the factors were adequately considered by the Sentencing Commission and omitted from the Sentencing Guidelines. Having reviewed the Sentencing Guidelines, policy statements, and official commentary of the Sentencing Commission, we disagree. *See* 18 U.S.C. § 3553(b).

government, rather than to the judicial system. *Cf.* U.S.S.G. ch. 1, Part A, Introduction 4(g) (Sentencing Ranges). Accordingly, the discretion to make a § 5K1.1 motion is "expressly lodged in the prosecutor's discretion." *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 433, 112 L.Ed.2d 417 (1990). Garcia not only helped the government develop the case, his cooperation after the indictment resulted in the disposition of the charges against the remaining two defendants. Garcia's "activities facilitating the proper administration of justice in the District Courts," are not encompassed by § 5K1.1.

■ Alternatively, the government argues that Garcia's circumstances were adequately taken into account by U.S.S.G. § 3E1.1, which provides, in relevant part:

*Acceptance of Responsibility*

(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

The commentary following this provision lists a number of factors to be considered in determining whether a defendant qualifies for a reduction thereunder. *See* U.S. S.G. § 3E1.1, Application Note 1. These factors include voluntary and truthful admission of involvement in the offense, voluntary assistance in the recovery of the fruits and instrumentalities of the offense, and the timeliness of defendant's conduct in acceptance of responsibility. *See id.* Based on this note, the government asserts that assistance of the type Garcia gave was already taken into account by the Sentencing Guidelines. We disagree.

We believe that the acceptance of responsibility differs from "activities facilitating the proper administration of justice in the District Courts" and that the district court properly determined that cooperation such as Garcia's is not covered by § 3E1.1. Garcia's willingness to testify against his co-defendants is more than mere acceptance of responsibility.

■ Having found that mitigating circumstances such as those in Garcia's case have not been adequately considered by the Sentencing Guidelines, we must then determine if they are a permissible basis for departure from the Sentencing Guidelines. We conclude that the additional assistance rendered the court in the disposition of the charges against the other defendants justified the departure from the Sentencing Guidelines. As Judge Daly found, Garcia's conduct "broke the log jam" in a multi-defendant case. His relatively early guilty plea and willingness to testify against co-defendants induced Palacio and Monsalve to enter guilty pleas. This conserved judicial resources by facilitating the disposition of the case without a trial.

In cases such as this, the district court has "sensible flexibility" to depart in circumstances where departure from the Sentencing Guidelines has a reasonable basis. *See United States v. Lara*, 905 F.2d at 603 (citing *United States v. Palta*, 880 F.2d 636, 639 (2d Cir.1989); *United States v. Correa–Vargas*, 860 F.2d 35, 40 (2d Cir. 1988)).

Affirmed.