966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Alonzo GOMEZ, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
David LUCUMI, Defendant-Appellant.
 Nos. 91-5101, 91-5102.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 8, 1992
Decided: June 29, 1992
 
 Argued: Ricardo Daniel Zwaig, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant Gomez; William H. Murphy, Jr., Baltimore, Maryland, for Appellant Lucumi.
 James Richard Alsup, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 On Brief: Fred Warren Bennett, Federal Public Defender, Baltimore, Marylan d, for Appellant Gomez.
 Richard D. Bennett, United States Attorney, Baltimore, Maryland, for Appellee.
 Before WILKINSON, Circuit Judge, CHAPMAN, Senior Circuit Judge, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Alonzo Gomez appeals his conviction on a one count indictment for conspiracy to possess with intent to distribute cocaine, a violation of 21 U.S.C. § 846. Gomez contends that the evidence submitted to the jury was insufficient to establish the existence of a conspiracy in which Gomez participated, and, thus, that the trial court erred in denying his motion for judgment of acquittal. David Lucumi entered a plea of guilty to the same charge and was sentenced to a term of imprisonment of 121 months. Lucumi appeals the district court's denial of his request for a downward departure for facilitating the proper administration of justice by entering a plea of guilty.
 
 
 2
 We conclude that the district court did not err in denying Gomez's motion for judgment of acquittal. Viewed in the light most favorable to the Government, the evidence is sufficient to allow a rational trier of fact to conclude that Gomez knew of, and participated in, the conspiracy.
 
 
 3
 Likewise, we conclude that the district court did not err in refusing Lucumi's request for downward departure. A district court's refusal to depart downward is not appealable, unless the refusal was based upon the district court's mistaken belief that it lacked the authority. United States v. Bayerle, 898 F.2d 28, 30, 31 (4th Cir.), cert. denied, 111 S. Ct. 65 (1990). Lucumi contends that the district court acted under a mistaken belief that it lacked the authority to depart downward when denying his request. At his sentencing hearing, Lucumi's counsel argued that a downward departure was appropriate because Lucumi facilitated the proper administration of justice by entering a guilty plea. See United States v. Garcia, 926 F.2d 125 (2d Cir. 1991).
 
 
 4
 Although the district court questioned whether this circuit would follow the Second Circuit's reasoning in Garcia, it made a clear factual determination that, even in light of Garcia, Lucumi's actions did not warrant a downward departure for facilitating the administration of justice. The district court stated that it considered the fact that Lucumi entered a guilty plea when sentencing him to the lower end of the guideline range. Therefore, because the district court did not act under a mistaken belief that it lacked the authority, this court will not review the district court's refusal to grant Lucumi's request for a downward departure.
 
 Accordingly, we
 
 5
 AFFIRM.