UNITED STATES of America,
Plaintiff–Appellee,

v.

John A. LOCKYER, Defendant–
Appellant.

No. 91–8721.

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 23, 1992.

Jay L. Strongwater, Klein & Strongwater, Atlanta, Ga., for defendant-appellant.

Richard M. Langway, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

The appellant in this case, John A. Lockyer ("Lockyer"), appeals his sentence imposed by the United States District Court for the Northern District of Georgia. For the reasons which follow, we affirm.

## I.  PROCEDURAL HISTORY

Lockyer was charged in a one count information with bank fraud. Described in the one count information were 45 separate transactions which the government alleged to be in violation of the bank fraud statute, 18 U.S.C. § 1344.

At his initial appearance before a United States magistrate judge, Lockyer executed a waiver of indictment and announced his intention to plead guilty to the information. Subsequently, Lockyer appeared before the district court and tendered a guilty plea to the one count information. The district court later sentenced Lockyer to an eighteen month term of imprisonment, imposed a mandatory assessment of $50.00, ordered restitution of $150,000.00 and required Lockyer to perform 400 hours of community service during a three year period of supervised release. Lockyer then perfected this appeal.

## II. FACTS

From January 1987 until November 1990, Lockyer was employed by Decatur Federal Savings and Loan Association (the "Association") as a branch manager. During the course of that employment, Lockyer had written a series of loans to existing customers which he prepared and processed. On all but four transactions, Lockyer forged the signature of the purported borrower.

When confronted by bank officials, Lockyer admitted his fraudulent conduct. In subsequent meetings with bank officials, Lockyer outlined how he was able to execute his scheme. He also admitted to making other fraudulent loans under bogus names.

In addition to meeting with bank investigators, Lockyer was interviewed by agents of the Federal Bureau of Investigation ("FBI"). In these sessions, Lockyer again explained what he had done and identified the fraudulent loans. At the conclusion of the government's investigation, the United States Attorney's office for the Northern District of Georgia was contacted and after discussions with Lockyer's court-appointed counsel, the criminal information was filed.

Prior to sentencing, Lockyer reviewed his pre-sentence investigation report ("PSI") prepared by his probation officer. At sentencing, Lockyer raised no objections to the material portions of the PSI. He agreed that the adjusted guideline range fell under the combination of Criminal History Category I, and Offense Level 15. The projected sentencing range was 18–24 months.

At his sentencing hearing, Lockyer reiterated the full extent of his cooperation with investigators. He then requested the district court to take notice of the assistance he provided to the judiciary. This assistance consisted of Lockyer's willingness to dispense with convening a grand jury on his case by announcing his desire to plead guilty at his initial appearance and the waiver of any pretrial motions. Lockyer argued that through these measures, the district court saved substantial resources and was freed for other matters. The district court recognized that Lockyer did facilitate the disposition of the case but found that the sentencing guidelines did not permit a departure for assistance to the judiciary.

## III. ISSUE

The issue presented in this appeal is whether the district court erred in concluding that it was constrained by the sentencing guidelines from considering a downward departure for "substantial assistance to the judiciary?"

## IV. STANDARD OF REVIEW

Whether the sentencing guidelines have adequately considered a particular factor so as to preclude a district court from relying on it as a basis of departure is a question of law subject to *de novo* review. *United States v. Kramer*, 943 F.2d 1543, 1548–49 (11th Cir.1991).

## V. ANALYSIS

The issue raised by Lockyer is one of first impression in this circuit. In support of his argument for recognition of "judicial assistance," Lockyer points to the Second Circuit case of *United States v. Garcia*, 926 F.2d 125 (2d Cir.1991). In *Garcia* the Second Circuit held that a defendant may receive credit for assistance to the judiciary. In that case, Garcia, along with two codefendants, made a one kilogram cocaine sale to an undercover DEA agent. After his arrest and indictment, Garcia agreed to cooperate with the government. Based in part on Garcia's debriefing and willingness to testify, the other two defendants pled guilty rather than going to trial. The district court credited Garcia with breaking a "log jam" in a multi-defendant case. By inducing guilty pleas from the codefendants, Garcia in effect freed time on an otherwise seriously overcrowded district court docket. This conduct was found to be outside the factors contemplated by the sentencing guidelines and therefore constituted a basis for departure.

In the present case, we are persuaded that the district court correctly de-

clined to follow the rationale of the Second Circuit in *Garcia*. The facts and circumstances surrounding the defendant's actions in *Garcia* relating to the disposition of charges against codefendants, which the court held justified a departure from the sentencing guidelines, are manifestly different from the facts and circumstances surrounding Lockyer's actions in the present case. The record demonstrates that all Lockyer did was to plead guilty to a crime that he alone committed. That conduct is of a kind that has been taken into account by the sentencing guidelines, specifically in U.S.S.G. § 3E1.1, which provides in pertinent part as follows:

> *Acceptance of Responsibility*
> (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

The commentary following § 3E1.1 lists a number of factors which are to be considered in determining whether a defendant qualifies for a reduction thereunder. *See* U.S.S.G. § 3E1.1, comment. (n. 1). These factors include voluntary and truthful admission of involvement in the offense, voluntary assistance in the recovery of the fruits and instrumentalities of the offense, and the timeliness of the defendant's conduct in acceptance of responsibility. The best that can be said here is that, by his actions in this case, Lockyer has merely demonstrated a recognition and an affirmative acceptance of his personal responsibility for his criminal conduct by admitting to his crime, after his criminal activity had been discovered by his employer. This amounts to no more than what is contemplated by the reduction in offense level provided for in "acceptance of responsibility." *See also, United States v. Garlich*, 951 F.2d 161, 163–64 (8th Cir.1991). Moreover, the effect of Lockyer's conduct on the judiciary in the present case falls far short of the effect of the defendant's conduct in *Garcia*. Even if we accept the Second Circuit's conclusion that "activities facilitating the proper administration of justice in the district court" is a relevant sentencing factor which has not been considered by the Sentencing Commission, to apply the *Garcia* reasoning to this case, which involves a single defendant who has pleaded guilty to a crime that he alone committed, would rob "acceptance of responsibility" of substance and render it meaningless. For the foregoing reasons, we hold that the district court correctly refused to exercise its discretion to downwardly depart based upon "substantial assistance to the judiciary," and thus, Lockyer's sentence is due to be affirmed.

AFFIRMED.