99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Raymond Richard STEPHENSON, a/k/a "Anthony McCurvin," a/k/a
"Andrew McCurvin"; Antoinette McCurvin, a/k/a "Antoinette
Glenn"; Dennis Johnson, a/k/a "Shabba"; Michael Wright,
a/k/a "Eric Seymour," a/k/a "Thomas Ellis," a/k/a "Mikey";
Arline Santiago, a/k/a "Leopol Dina Cabrera"; Cornelio
Rojas Acevedo, a/k/a "Oley," a/a/k "Nelson Santana"; Marcus
Anderson; Zedrick Bozemon, a/k/a "Smiley"; Donald Bellamy,
a/k/a "Boo Boo"; Dennis Braithwaite, a/k/a "Den Den";
Vastie Jones, a/k/a "Pirate"; Daniel Rutherford, a/k/a
"Silky"; Timothy Gainey, a/k/a "Timmy"; Denis Chriss
Brown, a/k/a "Wiley"; Darryl Miles; Reginald Miles, a/k/a
"Monkey"; Vincent Phillips, a/k/a "Vinnie Phillips";
Michael Tolson, a/k/a "Money Mike"; Richard Whitfield,
a/k/a "Red"; Lisa Williams, a/k/a Lis; and Michael
Williams, a/k/a "Bub," Defendants,
Kenneth Anthony, a/k/a "B.A.," a/k/a "Babus"; Robert
Martin; Earl Knight, a/k/a "Big Earl"; James
Lang, a/k/a "Jimmy"; and Andrew Knight,
Defendants-Appellants.
 No. 95-1166.
No. 95-1167.
No. 95-1201.
No. 95-1214.
 No. 95-1246.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1995.
 
 For Kenneth Anthony: Michael P. Foley, Jr., Cheshire, CT.
 For Robert Martin: Howard C. Eckenrode, Milford, CT.
 For Earl Knight: Margaret P. Levy, Hartford, CT.
 For James Lang: David J. Wenc, Windsor Locks, CT.
 For Andrew Knight: Richard S. Cramer, Wethersfield, CT.
 For appellee: Alex V. Hernandez, Ass't U.S. Att'y, D. Conn., Bridgeport, CT.
 D.Conn.
 DISMISSED IN PART, AFFIRMED IN PART.
 Before OAKES, McLAUGHLIN and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and, save for defendant-appellant Andrew Knight's appeal, was argued by counsel. Andrew Knight's counselled appeal was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that two of the five appeals be and they hereby are DISMISSED, and that the judgments of sentence challenged in the three remaining appeals be and they hereby are AFFIRMED.
 
 
 3
 James Lang, Kenneth Anthony, Robert Martin, Earl Knight, and Andrew Knight appeal from judgments of sentence entered in the United States District Court for the District of Connecticut (Alfred V. Covello, Judge ) following their respective guilty pleas to drug-trafficking charges stemming from a crack distribution ring. Each had signed a plea agreement waiving the right to appeal any sentence which fell within a specified range. We dismiss two of the appeals outright for lack of jurisdiction; we affirm the sentences challenged in the remaining appeals.
 
 
 4
 1. James Lang was sentenced to 121 months' imprisonment and eight years' supervised release. This was within the range specified in his plea agreement. On appeal, he challenges the district court's refusal to depart downwardly to account for his drug dependency and the sentencing disparity between crack offenses and cocaine offenses. He cannot raise these claims, however, since "knowing and voluntary waivers of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable." United States v. Salcido-Contreras, 990 F.2d 51, 51 (2d Cir.) (per curiam), cert. denied, 113 S.Ct. 3060 (1993). Accordingly, we must dismiss Lang's appeal. See id. at 53.
 
 
 5
 2. Kenneth Anthony, a career offender under U.S.S.G. § 4B1.1, was sentenced to 188 months' imprisonment and five years' supervised release. On appeal, he challenges the district court's refusal to depart downwardly. Anthony offers several bases for such a departure: (1) his "minor role" in the crack distribution ring; (2) in a related vein, the government's failure to support the minor role downward adjustment promised in the plea agreement; (3) his early guilty plea, which supposedly enabled the government to conserve resources; and (4) his criminal history category (VI, under § 4B1.1), which supposedly over-represented the seriousness of his past offenses.
 
 
 6
 The government contends that Anthony waived his right to appeal. We disagree. Anthony agreed that if he received a three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b), he would not appeal any sentence between 140 and 175 months' imprisonment. Although the district court granted him the three-level downward adjustment for acceptance of responsibility, the 188-month sentence of imprisonment exceeded the range specified in Anthony's plea agreement. Anthony has thus not waived his right to appeal. See United States v. Haggard, 41 F.3d 1320, 1325 (9th Cir.1994).
 
 
 7
 That said, a district court's refusal to depart downwardly is not appealable unless the court mistakenly believed it lacked authority to do so. See, e.g., United States v. Hurtado, 47 F.3d 577, 585 (2d Cir.), cert. denied, 116 S.Ct. 266 (1995). Generally, "[a] district court's silence concerning its refusal to depart downward does not support an inference that the district court misapprehended its scope of authority." United States v. Lawal, 17 F.3d 560, 563 (2d Cir.1994); accord Hurtado, 47 F.3d at 585. And, "[w]e will not normally infer that the sentencing court believed it had no authority to depart ... where it simply expressed sympathy for the defendant but found the circumstances not to warrant departure." United States v. Ekhator, 17 F.3d 53, 55 (2d Cir.1994). Even if "the judge's sentencing remarks create ambiguity as to whether the judge correctly understood an available option," we are not obliged to entertain an appeal from a refusal to depart downwardly. United States v. Rivers, 50 F.3d 1126, 1132 (2d Cir.1995). If we do, and find the record sufficiently ambiguous, we prefer to remand to the district court for clarification. See id. at 1132-33.
 
 
 8
 On this record, we see no ambiguity necessitating a remand. Although the district court did not expressly acknowledge its authority to depart downwardly, there is no requirement that it do so. See id. at 1131. As for Anthony's alleged "minor" role in the crack ring and the government's purported "breach" of the plea agreement, Anthony forgets that the district court denied a minor role adjustment on the merits because he "played no more or less of a role than any of the other dealer codefendants." Since Anthony does not contest these findings regarding the minor role adjustment, we cannot question the court's implicit finding that he did not deserve a minor role departure. Finally, the court expressly rejected the last two grounds for departure. It distinguished United States v. Garcia, 926 F.2d 125 (2d Cir.1991), upon which Anthony argued for a departure to account for his early guilty plea. And, it found that Anthony's sentence "fairly considers ... the history of the defendant." Because the sentencing transcript, fairly read, does not support an inference that the district court mistakenly believed it lacked authority to depart, we must dismiss Anthony's appeal. Contrast Rivers, 50 F.3d at 1131; Ekhator, 17 F.3d at 54, 56.
 
 
 9
 3. Robert Martin was sentenced to 135 months' imprisonment and four years' supervised release. On appeal, he, too, contests the district court's refusal to depart downwardly. He also contends that the district court erred by denying him downward adjustments for acceptance of responsibility and minor role. The first argument need not detain us long. As with Anthony, there is no basis for finding that the district court mistakenly believed it lacked authority to depart. We therefore dismiss this portion of Martin's appeal.
 
 
 10
 As for the adjustments, we must "accept the findings of fact of the district court unless they are clearly erroneous," and we must "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); see also U.S.S.G. § 3E1.1, comment. (n.5) (appellate court must accord considerable deference to the district court's findings regarding acceptance of responsibility). Anthony concedes that he violated a court order while awaiting sentencing by cutting an electronic monitoring bracelet from his ankle and fleeing. Since the district court may consider post-plea conduct in determining whether a defendant has truly accepted responsibility, see United States v. Harris, 13 F.3d 555, 557 (2d Cir.1994), we cannot say that the district court's denial of the adjustment was "without foundation," id. (internal quotation marks omitted). And, the district court found that Martin's role in the crack distribution ring was no greater or lesser than any of his co-defendants'. Since this finding was not clearly erroneous, we must affirm the denial of the minor role adjustment. See United States v. Olvera, 954 F.2d 788, 793 (2d Cir.), cert. denied, 505 U.S. 1211 (1992).
 
 
 11
 4. Earl Knight was sentenced to 240 months' imprisonment and ten years' supervised release. This was the mandatory minimum under 21 U.S.C. § 841(b)(1)(B), which enhances sentences for repeat felony drug offenders. On appeal, he argues for the first time that this sentencing enhancement violates the Double Jeopardy Clause because it punishes him a second time for an earlier conviction. Because Knight could have raised this argument below, he has waived it. See United States v. Keppler, 2 F.3d 21, 23 (2d Cir.1993). In any event, Knight's Double Jeopardy argument is foreclosed by Supreme Court precedent. See, e.g., Witte v. United States, 115 S.Ct. 2199, 2206 (1995). We therefore affirm his sentence.
 
 
 12
 5. Finally, Andrew Knight, also a career offender under U.S.S.G. § 4B1.1, was sentenced to 235 months' imprisonment and ten years' supervised release. His only argument on appeal was that the Sentencing Commission lacked authority to characterize drug-trafficking conspiracies as offenses that trigger § 4B1.1's career offender provision. He has since conceded that our decision in United States v. Jackson, 60 F.3d 128 (2d Cir.), cert. denied sub nom. Barretto v. United States, 116 S.Ct. ----, 64 U.S.L.W. 3348 (1995), forecloses this claim of error. We therefore affirm his sentence.
 
 
 13
 In sum: (1) James Lang's and Kenneth Anthony's appeals are DISMISSED, together with that portion of Robert Martin's appeal challenging the district court's refusal to depart downwardly; and (2) Robert Martin's, Earl Knight's, and Andrew Knight's sentences are AFFIRMED.