99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Barry SHAWN, Appellant.
 No. 95-1371.
 United States Court of Appeals, Second Circuit.
 Dec. 13, 1995.
 
 APPEARING FOR APPELLANT: Ruth Liebesman, New York, N.Y.
 APPEARING FOR APPELLEE: Gary Stein, Asst. U.S. Atty., S.D.N.Y., New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Present: NEWMAN, Chief Judge. OAKES, and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Barry Shawn appeals from the June 27, 1995, judgment sentencing him to life imprisonment for participating in a RICO enterprise. Shawn contends that the District Court erred in refusing to exercise its discretion pursuant to U.S.S.G. § 5K2.0 to depart downward for his substantial assistance in the administration of justice. This claim is without merit.
 
 
 4
 This Court has repeatedly held that "[a] sentencing court's refusal to depart downward from the indicated guideline sentencing range is ordinarily not appealable." United States v. Wong, 40 F.3d 1347, 1381 (2d Cir.1994), cert. denied, 115 S.Ct. 1968, and cert. denied, 116 S.Ct. 190 (1995); see United States v. Piervinanzi, 23 F.3d 670, 685 (2d Cir.), cert denied, 115 S.Ct. 259 (1994). The only exception to this rule is if "the guidelines were misapplied, the court misapprehended its authority or imposed an illegal sentence." United States v. Hurtado, 47 F.3d 577, 585 (2d Cir.), cert. denied, 116 S.Ct. 266 (1995); see Wong, 40 F.3d at 1381; Piervinanzi, 23 F.3d at 685.
 
 
 5
 The sentence imposed by the District Court in this case was not illegal, and the Court did not misapprehend its authority to depart under section 5K2.0. This Court has previously held that a District Court may not depart under section 5K2.0 based on a defendant's substantial assistance, where the Government has refused to provide a letter pursuant to section 5K1.1. See United States v. Kaye, 65 F.3d 240, 242-44 (2d Cir.1995). Shawn does not contend that the Government's refusal to provide him with a 5K1.1 letter was improper. Therefore, the District Court's authority to depart downward under section 5K2.0 was effectively foreclosed.
 
 
 6
 Shawn argues nevertheless that the circumstances surrounding his provision of substantial assistance were so extraordinary as to warrant granting the District Court departure authority. See United States v. Garcia, 926 F.2d 125, 127-28 (2d Cir.1991) (District Court may depart under section 5K2.0 based on defendant's substantial assistance to judicial economy, as opposed to substantial assistance to prosecution). Even if this were so, however, the District Court adequately declined to exercise whatever discretion it may have had:
 
 
 7
 The Court: My problem is that the [plea] agreement is clear and that you [the defendant] are asking the Court to invoke discretion. That's what 5K2.0 relates to. My view of it is you are asking me to invoke my discretion on behalf of an individual who breached the agreement with the government and committed numerous crimes which were committed in a manner that has, in my judgment, far reaching implications....
 
 
 8
 I am really saying to you that it is difficult to impose this upon the government notwithstanding the clear language in the agreement they made with this defendant.
 
 
 9
 [Defense Counsel ]: You are negating 5K2.0 by saying you are more persuaded by the government's declination under the cooperation agreement.
 
 
 10
 The Court: I am not doing that. I am saying I would under those circumstances decline to exercise my discretion in favor of a downward departure for someone who commits crimes, serious crimes, after entering into an agreement which would both benefit him financially and obstruct justice and further the interests of others charged with serious crimes. It is so serious as to warrant my declining to exercise my discretion under 5K2.0, and I am not bandying words; I am talking as directly as I can.
 
 
 11
 Shawn points to another part of the record, where the District Court expressed its reluctance to exercise discretion in light of the fact that the Government had found Shawn to have violated the plea agreement. At most, however, these statements indicate only that the District Court factored in the Government's position as one additional component in its analysis. The District Court did not err in weighing this factor among others in its decision not to depart.