**UNITED STATES of America**

v.

**Gary T. DETHLEFS, Defendant.**

**No. Crim. 94–34–P–C.**

United States District Court,
D. Maine.

March 10, 1999.

Jonathan A. Toof, Asst.U.S.Atty., Office of the U.S. Attorney, Portland, Maine, James W. Chapman Jr., U.S. Dept. of Justice, Washington, D.C., for the Government.

Neal K. Stillman, Portland, Maine, Richard M. Egbert, MaryEllen Kelleher, Boston, MA, for defendant Gary T. Dethlefs.

Bruce M. Merrill, Portland, Maine, Bryan M. Beatty, Mansfield, MA, William A. Dimitri, Providence, RI, for defendant Thomas Baker.

William B. Cote, Laskoff & Associates, Lewiston, Maine, William Maselli, Law Office of William Maselli, Auburn, Maine, Leonard I. Sharon, Sharon, Leary & Detroy, Auburn, Maine, for defendant Irving R. Morris.

Robert N. Launie, Launie & Howard, Boston, MA, Joseph L. Goodman, Portland, Maine, for defendant Peter C. Picciandra.

Peter J. DeTroy, III, Norman Hanson & Detroy, Portland, Maine, Joseph J. Balliro, Sr., Balliro, Mondano & Balliro, Boston, MA, Robert M. Neault, Richard H. Thompson, Thompson & Peabody, Naples, Maine, for defendant Richard A. Record.

Clarke C. Hambley, Elizabeth J. Scheffee, Givertz, Lunt, Hambley & Scheffee, Portland, Maine, Sean T. Delaney, Steven J. Rappaport, Rappaport, Freeman & Pinta, Boston, MA, Kenneth Gordon, Perkins, Smith & Cohen, Boston, MA, William F. Sullivan, Sullivan & Largey, Quincy, MA, Theodore A. Barone, Sullivan, Largey & Barone, Quincy, MA, for defendant Stuart L. Smith.

Stuart L. Smith, Fairton, NJ, defendant pro se.

Bruce B. Hochman, Lambert, Coffin, Rudman & Hochman, Portland, Maine, for defendant Thomas K. Stone.

John A. Ciraldo, Perkins, Thompson, Hinckley & Keddy, Portland, Maine, for defendant David C. White.

David R. Beneman, Levenson, Vickerson 7 Beneman, Portland, Maine, Brian C. Hawkins, Hawkins & Boisvert, Bridgton, Maine, MaryEllen Kelleher, Boston, MA, Stephen J. Schwartz, Schwartz & Schwartz, Portland, Maine, for defendant Rebecca B. White.

Craig A. Ciechanowski, Gimore, Rees & Carlson, Wellesley Hills, MA, for Interested Pary Craig A Ciechanowski.

David Dubord, Lewiston, Maine, for Interested Parties Elton Record, Janice Record.

George Garfinkle, Brookline, MA, for Interested party Mark D. Stern.

Robert S. Mangiaratti, Volterra, Goldberg, Mangiaratti & Jacobs, Attleboro, MA, for Interested Party Town of Mansfield, Massachusetts.

Town of Greenwood Maine, c/o Elizabeth Lavalette, Locke Mills, Maine, for Interested Party Town of Greenwood Maine.

## MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT DETHLEF'S MOTION FOR EVIDENTIARY HEARING REQUIRING RECUSAL OF THIS JUDGE

GENE CARTER, District Judge.

Before the Court for action at this time is Defendant's motion, after remand, for evidentiary hearing in respect to certain sentencing issues (Docket No. 641). This case was remanded by the Court of Appeals for the First Circuit for resentencing after that court disallowed a "global" downward departure on a "facilitation" basis as originally granted by this Court at sentencing. After remand, the Court entered its order of December 22, 1998, granting a limited hearing on resentencing which provided, *inter alia:*

> No other issues relative to the determination of sentence, save those that go to a claimed basis for downward departure, and the extent thereof, if any, and the Court's determination as to where within the previously determined Guideline ranges for the elements of sentence the Court should impose sentence, if the Court does not depart downward, shall be open for redetermination or initial assertion at said hearing.

Order Granting a Limited Hearing on Resentencing (Docket No. 631) at ¶ (3).

Thereafter, the Court scheduled a conference of counsel to discuss the conduct of such hearing. The conference was held on January 14, 1999. At that conference, this judge indicated to counsel for the Defendants present that it would consider affording an opportunity to expand the record, if counsel elected to do so, by further evidence in pursuit of a facilitation departure on an *individual* basis. Transcript of January 14, 1999, Conference at 12–14, That indication was based upon this

Court's misunderstanding of the appellate opinion.[1]

The Court provided defense counsel with an opportunity to make a formal motion for such relief and requested briefing on any issues so generated. *Id.* at 28–30. *See also* Procedural Order of January 14, 1999 (Docket No. 637). The pending motion was subsequently filed and has been responded to by Government's counsel. Government's Memorandum Relative to Resentencing Issues (Docket No. 643). As the posture of the matter has now evolved, it is Defendants' purpose, on granting of the motion, to call this judge as a witness at such hearing, which will require the reassignment of this case to another judge of this district. In light of this recent development and the considerable burden that will thereby be inflicted upon judicial resources, the Court has reconsidered its suggestion at the conference of January 14, 1999, that such a course might be appropriate in the circumstances of the case. On such reconsideration, the Court concludes that there is no basis under the rationale of the opinion of the Court of Appeals in this case for the Court to consider, even on an individual basis, a facilitation departure for any of these Defendants.

This Court has struggled with making a determination as to precisely what the language of the appellate opinion herein (Docket No. 591) leaves open on remand for consideration of a "facilitation" departure[2] in favor of this Defendant. Counsel for Defendant asserts that such a departure is still available to the Defendant on remand, under the opinion, upon appropriate supplementation of the record. At first reading, this would appear to be so, in view of the appellate court's apparent limitation of its ruling to barring only "global" or "wholesale" departures for *all* Defendants previously sentenced herein and the content of footnote 11.[3]

However, after careful study of the opinion, this Court believes that once one fully understands the basis of the court's rationale barring "global" facilitation departure in this case, individual departures on the same ground are also barred *for the same reasons.* The opinion posits definitively that, after *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the existence of the sentencing factors considered under sections 5K1.1 and 3E1.1 do not, in principle, prohibit a downward departure on "a defendant's timeous agreement to enter a plea and his actions ancillary thereto ... for conserving judicial resources and thereby facilitating the administration of justice." *Dethlefs,* 123 F.3d at 46 ("Post *Koon,* it would be folly to conclude that a timely plea which conserves judicial resources and thereby facilitates the administration of justice must not be considered under any circumstances in the departure calculus.").

1. If the Court's current understanding of *United States v. Dethlefs,* 123 F.3d 39 (1st Cir.1997), is in error, the appellate court can, itself, on a further review, resolve the issue or, in the alternative, send the case back once again with further cogent guidance as to the Court's authority on the issue of the propriety, on an individual basis, of a facilitation departure.

2. As used by the appellate court, a "facilitation departure" is one based upon "a guilty plea which conserves judicial resources and thereby facilitates the administration of justice [as] a mitigating feature on which a court may predicate a downward departure...." *United States v. Dethlefs,* 123 F.3d 39, 44 (1st Cir.1997). This Court uses the term herein with that meaning.

3. Footnote 11 reads:

In this case, the record strongly suggests that not all the appellees contributed in the same degree to bringing about the global pleas. Moreover, in fixing the extent of the individual departures, the judge commented on the especially significant contributions that one or two defendants had made in breaking the log jam. *The court remains free, on remand, to pursue the question of whether this is a distinguishing feature warranting a downward departure in a particular instance.*
*Id.* at 49 n. 11 (citing *United States v. Garcia,* 926 F.2d 125, 128 (2d Cir.1991) (emphasis added)).

The court then goes on to assess the factual predicate laid down in the record in the prior sentencing proceedings to determine if it is sufficient to warrant a departure *on a facilitation rationale* in this case. The court points to what it discerned to be the four factual premises this Court relied on to support the granting of the departure.[4] The court quickly dispatches the first premise—Defendants' courage in pleading without first securing an agreement in respect to sentence—as beyond the "boundaries [that] are essential if the Guidelines are not to be emptied of all meaning." *Id.* at 47. Clearly, the court finds no unique quality to the personal motivation of this or any Defendant to accept responsibility in the circumstances of this case. That conclusion can only be read to mean that this premise is, as a matter of substance, categorically improper as a predicate for downward departure for facilitative conduct of any defendant.

The court then considers the second premise—the length of trial—which it, too, finds to be "flawed." *Id.* Disagreeing, by the benefit of hindsight, with the trial court's assessment as to the circumstances, issues, conditions, complexities, and positions of the parties that were likely to determine or substantially influence the length of trial, this consideration is found to be overestimated in significance as a justification for a facilitation departure. This also is a substantive disqualification of the premise as a predicate for departure, albeit one based on an assessment of the particular record in this case. This Court does not believe that the record on this point can possibly be improved on remand sufficiently to overcome the appellate court's conviction of the inadequacy of the "flawed" understanding of this Court of those aspects of the case and trial that would have governed the length of trial. The appellate court's obvious willingness to treat this premise in its own hindsight-view of the circumstances dooms the acceptability of this premise as a basis for facilitation departure.

Next, the court dispatches, for all but the rarest of circumstances, the third premise—the complexity of the case. The appellate court concludes, in considering the third premise, that "there is nothing so unusual about the complexities of a garden variety drug-and-tax case that warrants departing." *Id.* at 48. It further indicates that burdensome post-trial and appellate issues and procedures can *never* justify departure "no matter how tricky or time-consuming." *Id.* Putting the nail in the coffin of this premise, the court thought "it is important to note" that this Court overestimated "the net savings to the justice system [which] were considerably more modest than the court projected." *Id.* The third consideration is said to be conceptually appropriate as a basis for facilitation departure only in some "conjure[d] ... byzantine case in which complexity *might be* a proper factor in assessing whether the Defendants' facilitative conduct benefitted the judiciary to a degree not contemplated by the applicable guideline range." *Id.* (emphasis added).

Such strong language can only be taken to establish that it is extremely unlikely that this Court's view of this case, in respect to this premise, much less its findings as now articulated in its conferences on the record with counsel and its formal written orders, *see infra* n. 5, having been once rejected, will ever meet with approval on appellate review in this case as a basis for facilitation departure. It is highly doubtful that further evidence on this point

---

4. The Court states:
> [Judge Carter] premised this conclusion primarily on four subsidiary determinations: (1) the appellees' courage in changing their pleas without first having secured any commitments as to sentencing, (2) the length of the anticipated trial, (3) the case's complexity, and (4) the need to relocate the proceedings to Bangor. In [Judge Carter's] view, these circumstances made the case sufficiently atypical to warrant departures across the board.

Id. at 48.

can strengthen appreciably the record in favor of the Defendant.

The fourth premise—the need to relocate the proceedings to Bangor—is ruled to be insufficiently supported in the record for use as a predicate for a downward facilitation departure. The court does, literally, "conjure" up the possibility of the existence and availability of other venues than that which this Court found expressly and in detail to be the only one available.[5] This lily will bear no further gilding.

Ultimately, it is said, "It thus appears that the district court's reasons, taken one by one, do not justify the dispensing of wholesale[6] departure." *Id.* at 49. The *coup de grace:* "The court's articulated

reasons, even when taken in combination, lack the force which is necessary to *transport the case sufficiently beyond the realm of the ordinary . . . .* On the record, as it now stands, this case falls within the general rule, not within the long-odds exception to it." *Id.* (emphasis added). The conclusion reached is that while the facilitative conduct of the Defendants was theoretically available as a basis for departure, that basis "[h]ere . . . falls so far short of *Garcia* that the court's *global* departures cannot survive." *Id.* (emphasis added).

The parsing of the language of the opinion yields two analytical conclusions. First, that the grounds relied upon by this Court are flawed substantively or in per-

---

5. This Court stated on the record in several chambers conferences with counsel prior to trial:

    (1) The only options for the trial of criminal cases, in the circumstances of the Court's removal from the courthouse for its renovation, were to try them, where possible, in the Cumberland County Courthouse under an arrangement negotiated with Chief Justice Wathen, or to do so at the Court's facilities in Bangor. Transcript of March 14, 1995, Conference at 3;

    (2) The Court could only try *civil* cases in the Bankruptcy Court facilities in Portland. *Id.* The Court has since trial indicated that the reason therefore was that the Bankruptcy Courtroom in Portland could not be used because the lease negotiated by General Services Administration on behalf of the court provided that those facilities could not be used for trial involving persons in federal custody. Transcript of November 6, 1997, Conference at 5. It is amplified in the Court's discussion with counsel in January 1999. Transcript of January 14, 1999, Conference;

    (3) The Court had available to it no adequately sized courtroom in Portland sufficient to accommodate all counsel and Defendants. Transcript of March 14, 1995, Conference at 4;

    (4) No adequate courtroom would be available in Portland until completion of renovation of the federal courthouse. *Id.* at 14–15; and

    (5) The Court "has available to it no courtroom in Portland *physically* large enough to accommodate the numerous counsel and defendants in the case. It

has available to it in Portland no courtroom that it can occupy for a period of time sufficient to complete trial in the period of September 6–22, 1995, as that may be enlarged at trial . . . ." Order Denying Motions for Reconsideration of July 7, 1995, (Docket No. 269) at 4. It is to be noted that the Government at the time of sentencing did not challenge the Court's findings that *no* adequate facility was available in Portland for the trial of the case. In fact, the Government did not do so prior to or at trial, attacking then only the requirements that the trial, as held in Bangor, be bifurcated and the temporal limitations imposed thereon. It apparently does not, even now, challenge those findings. Transcript of January 14, 1999, Conference at 9, 20, and 22.

6. Query, what means the court's frequent but by no means consistent use, in its rejection of the various premises considered, of the modifiers, "global" and "wholesale"? Counsel read these, perhaps with some justification, as leaving open the possibility of sustainable facilitation departures on resentencing on an individual basis.

    Basic arithmetic, however, shows conclusively that the opinion has seduced them into a vain prospect. If the four premises thought to be relied upon by this Court do not pass muster "singly or in combination," *id.* at 47, and three of them are categorically rejected as proper considerations substantively in the circumstances of this case, the revivication of proof as to the fourth is highly unlikely in the circumstances of the case to breathe new life into the facilitation departure rationale on *either* a "global" or individual basis.

suasive force. Two of this Court's first three premises for the downward departures are substantively inappropriate to be considered as a basis for "facilitation" departure. The third of these premises is rejected because it consists of the trial judge's flawed perception of the complexity of the case, a factual circumstance not capable of change to Defendant's advantage on adducement of further evidence on remand. The fourth predicate is found to be proper for consideration only on the basis of the rarest possible factual circumstances (a "long-odds exception") which, it is concluded, are not shown by the record herein.

Second, it is said that the four premises, neither "singly nor in combination," are sufficient basis for a facilitation departure in this case. *Id.* at 47. It is apparent, therefore, that no room is left for further evidence of "facilitative" conduct of any of the individual Defendants to be sufficient to establish a valid basis for such a departure. By any reasoned analysis, that cannot occur if all of this Court's premises for such departure for the Defendants, as a group, are fatally flawed substantively or (in the case of the fourth premise) in persuasive force and significance.[7] With that as a predicate, there can be no basis, in the view of this Court, in law or fact, for *any*

facilitation departure in the circumstances of this case.[8]

The Court does not consider it a wise exercise to read the opinion as anything but an intended, principled determination that a *facilitation* departure is not justified in this case, period. There is no basis for such a departure in this case, "global" or individual, after one applies the standards and constraints imposed by the appellate opinion. This Court abjures the temptation flourished by counsel to indulge this Court's creative instinct by relying on the precedential safeguards of the higher court to attempt to resuscitate a principled determination of this Court that now appears, to a certainty, to be doomed on future appellate review.

**I CONCLUDE** that the Court is and will be precluded by the appellate decision from indulging a downward facilitation departure (as that term has come to be used in this case) for any Defendant in any circumstances of this case. In light of this conclusion, there is no good purpose to be served by the adducement of further evidence on the issue, especially where that effort would require the burden of the case to be shifted to another judge of this court. There is no good, sustainable reason for

---

7. The Court takes support for this conclusion from three other considerations: (1) the appellate court's assessment that this Court "did not place much weight on [the fourth] factor," *id.* n. 9; (2) that there is, in the view of this Court, little, if anything, to be produced as supplemental evidence on the point, on remand, that is not already clearly indicated in the record, *see supra* n. 5; and (3) taken as a prediction of future appellate attitude, with respect to the latter premise, the appellate court's statement that "[i]n all events, what we know about the courtroom problems in this case indicates fairly *conclusively* that this distinguishing factor does not warrant departure," *id.* at 49.

Only the fourth premise, by enhancement of the record on remand, could save the Defendant's day. Yet, in the appellate court's analytical equation, this factor was taken as having been given little weight by the trial court in making the departure and is found to be, in fact, "fairly conclusively" foreclosed as a val-

id basis of departure. Suffice it to say that this Court knows from its experientially based knowledge of the facts available that there are not facts available on remand to significantly enhance the record, much less to elevate the weight of the proof sufficiently to permit this single premise to clear the bar as the *sole* available basis for justification of a facilitation departure, even if that be doctrinally possible under the court's rationale.

8. Query, it may be asked, what does the court mean to convey by its suggestion in footnote 11 that "the court remains free, on remand, to pursue the question of whether this [the unequal contribution of the Defendants to bring about the guilty pleas] is a distinguishing feature warranting a downward departure in a particular instance." *Id.* n. 11. I can ascribe no sensible meaning to this judicial aside.

the Court to pedally wound itself by that exertion.

Accordingly, the motion for an evidentiary hearing on the basis requested is hereby **DENIED.** It is **ORDERED** that this matter be scheduled for further hearing on sentencing as soon as the Court's calendar will permit. At such hearing, the only issues the Court will consider or hear evidence on are the following:

(1) those that go to a claimed basis for individual departure, other than a "facilitation departure," which is precluded;

(2) those that go to the extent of any such departure, if granted;

(3) those that go to where, within the previously determined. guideline ranges for the elements of sentence, the Court should impose sentence, if no departure is granted.

So **ORDERED**